■ JUNE HART et al., Respondents, v KENNETH SULLIVAN et al., Individually and as Managerial Employees of P & C Food Markets, Inc., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered September 23, 1980 in Clinton County, which, *inter alia,* denied the motion by defendant P & C Food Markets, Inc., to dismiss the complaint against itself and defendants Kenneth Sullivan and Mike Buker, in their capacity as managerial employees of P & C Food Markets, Inc., for failure to state a cause of action. Plaintiff June Hart alleges in the first cause of action of her second amended complaint that defendants Sullivan and Buker, coemployees of defendant P & C Food Markets, Inc., intentionally inflicted emotional distress upon her because she resisted sexual advances by Sullivan, and that such acts were performed in the course of their employment. In a second cause of action, plaintiff alleges that the corporate defendant discriminated against her in the terms, conditions and privileges of employment because of her sex in violation of section 296 of the Executive Law. A third cause of action was a derivative claim for loss of services by plaintiff's husband. P & C Food Markets, Inc., moved to dismiss the complaint against itself and the individual defendants in their managerial capacity (CPLR 3211). The motion was denied by Special Term and this appeal ensued. A sympathetic reading of the first cause of action of the second amended complaint fails to surface any specific allegation that the corporate defendant committed any intentional, tortious or willful act against plaintiff that would trigger the intentional tort exception to the exclusivity provision of the Workers' Compensation Law. Willfulness on the part of the employer is a prerequisite to a deprivation of the exemption afforded by the Workers' Compensation Law, and a mere allegation of agency and liability by way of *respondeat superior* will not suffice to strip the employer of the protection of the statute *(Estupinan v Cleanerama Drive-In Cleaners,* 38

AD2d 353, 355). Next, since the Workers' Compensation Law provides that excluded actions include those of spouses of injured employees, plaintiff's husband's derivative action is also barred. Finally, plaintiff's second cause of action based on an alleged violation of section 296 of the Executive Law must be dismissed. The doctrine of *respondeat superior* is not applicable in cases involving sex discrimination *(Matter of State Univ. of N.Y. at Albany v State Human Rights Appeal Bd.,* 81 AD2d 688). To resist a motion to dismiss, the complaint must allege that the employer had knowledge or acquiesced in the discriminatory conduct of a supervisor or co-worker *(State Div. of Human Rights v Henderson,* 49 AD2d 1026). Here, no such allegations are made in the second cause of action. Needless to say, the husband's derivative action is barred and, in any event, could not be maintained even if the wife had alleged a v•.lid cause of action based on a violation of section 296 of the Executive Law. Violation of a person's civil rights exposes the person or entity guilty of the discriminatory act to civil penalties to be received by the person aggrieved (Civil Rights Law, §§ 40-c, 40-d; see Executive Law, § 291, subd 1). Order modified, on the law, by reversing so much thereof as denied the motion to dismiss the complaint against P & C Food Markets, Inc., and Kenneth Sullivan and Mike Buker, in their managerial capacity; motion granted and complaint against P & C Food Markets, Inc., and Kenneth Sullivan and Mike Buker, in their managerial capacity dismissed; and, as so modified, affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.