Joseph REALMUTO, Plaintiff,

v.

YELLOW FREIGHT SYSTEM, INC.,
Bob Fasso and Joe Smith,
Defendants.

No. CV 88–3387.

United States District Court,
E.D. New York.

April 24, 1989.

Leeds & Morelli by David Muskovitch, Carle Place, N.Y., for plaintiff.

Lynne Adair Kramer by Susan J. Scarpati, Commack, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

The present age discrimination action arises out of the termination of plaintiff-Realmuto's employment with defendant Yellow Freight System, Inc. ("Yellow Freight").

On March 29, 1988 Yellow Freight fired plaintiff. At the time plaintiff was 57 years old and had worked for Yellow Freight since 1975.

Alleging four separate causes of action, plaintiff brings this lawsuit. First, plaintiff alleges that defendants fired him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (1982). Second, plaintiff alleges that defendants terminated his employment on account of his age in violation of New York State Human Rights Law, Executive Law § 290 *et seq. See* Amended Complaint at ¶ 47. The third cause of action alleges a claim for breach of contract. The fourth claim asserts a cause of action for intentional infliction of emotional distress. In the complaint, plaintiff demands reinstatement along with lost earnings. Moreover, plaintiff requests both compensatory and punitive damages. *See* Complaint at ¶ 47.

Pursuant to Fed.R.Civ.P. 12(b)(6) defendants move to dismiss the New York Human Rights claim and the intentional infliction of emotional distress cause of action. Moreover, defendants move to strike the demand for compensatory and punitive damages requested under the ADEA claim.

## MOTION TO STRIKE COMPENSATORY AND PUNITIVE DAMAGES UNDER THE ADEA

■ In his ADEA claim, plaintiff requests both compensatory and punitive damages. However, neither compensatory nor punitive damages are recoverable under the ADEA. *See Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 147–148 (2d Cir.1984); Instead, for non-willful violations of the ADEA only reinstatement and backpay are allowed. 29 U.S.C. § 626(b); *Johnson v. Al Tech, supra.* For

willful violations of the ADEA, the statute only allows liquidated or double damages, which are considered punitive in nature. *See Trans World Airlines Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed. 2d 523 (1985). Plaintiff has not demanded liquidated damages.

Therefore, defendants' motion to strike plaintiff's demand for compensatory and punitive damages under the ADEA is granted.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

■] Workers' Compensation proceedings are normally the exclusive remedy for work related injuries. *See Martin v. Citibank, N.A.,* 762 F.2d 212, 220 n. 7 (2d Cir.1985); *Burlew v. American Mut. Ins. Co.,* 63 N.Y.2d 412, 416, 482 N.Y.S.2d 720, 722, 472 N.E.2d 682, 684 (1984); N.Y.Work. Comp.Law § 11 (McKinney Supp.1988). Although New York's Workers' Compensation Law excludes intentional torts, a complaint for the intentional infliction of emotional distress ("IIED") must assert specific allegations that the corporate defendant committed intentional, willful acts. "[A] mere allegation of agency and liability by way of *respondeat superior* will not suffice to strip the employer of the protection of the statute." *Hart v. Sullivan,* 84 A.D.2d 865, 445 N.Y.S.2d 40, 41 (2d Dep't 1981). *See also Martin,* 762 F.2d at 220 n. 7.

Moreover, New York courts allow IIED claims only for conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Fischer v. Maloney,* 43 N.Y.2d 553, 558, 402 N.Y.S.2d 991, 992–993, 373 N.E.2d 1215, 1217 (1978) (quoting Restatement (2d) of Torts § 46(1)). In addition, conduct must "be intentionally directed at the plaintiff and lack any reasonable justification." *Martin v. Citibank, N.A., supra.* New York courts apply these standards strictly. For example, in *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 461 N.Y.S.2d 232, 236, 448 N.E.2d 86, 90 (1983),

the plaintiff alleged, *inter alia,* that he was demoted for reporting fraud at his company; informed he would never advance because of his age; discharged, ordered to leave immediately, and forcibly and publicly escorted from the workplace by the company's guards. The New York Court of Appeals held that these allegations fell "far short" of the strict standard for an IIED cause of action. *Murphy,* 58 N.Y.2d 293, 461 N.Y.S.2d at 236, 448 N.E. 2d at 90. *See also Freihofer v. Hearst Corporation,* 65 N.Y.2d 135, 490 N.Y.S.2d 735, 741, 480 N.E.2d 349, 355 (1985). *But see Ford Motor Credit v. Hickey Ford Sales,* 62 N.Y.2d 291, 476 N.Y.S.2d 791, 796–797, 465 N.E.2d 330 (1984) (in a wrongful attachment case, recovery for intentional infliction of emotional distress is not limited to outrageous conduct; damages for emotional distress of a kind normally expected to follow from the clearly illegal attachment are recoverable).

In this case, the amended complaint does not pass these strict standards. At best, plaintiff alleges, *inter alia,* that he was improperly blamed for certain other employees' abuses; he was "deceived" by being told he would work the day shift; and he was discharged after he placed a sign upon a bulletin board which was intended to ease tensions in the workplace. Amended Complaint ¶¶ 14–30. Plaintiff concludes that these actions were motivated by defendants' discriminatory animus to discharge plaintiff because of his age. Amended Complaint ¶ 43.

Here, plaintiff's allegations amount to nothing more than being fired for "illicit reasons." Such assertions do not fall within the intentional tort exception to New York's Workers' Compensation Law, nor do they establish an IIED claim. Accordingly, the Court dismisses plaintiff's claim for intentional infliction of emotional distress.

### NEW YORK HUMAN RIGHTS CLAIM

Plaintiff's New York Human Rights claim for age discrimination raises two jurisdictional issues. First, did the plaintiff fulfill New York's statutory requirements for raising this claim in a court of law?

Second, should the Court exercise its discretion and retain this cause of action under the doctrine of pendent jurisdiction.

### a. Statutory Requirements

Before any federal or state age discrimination action can be brought into federal court, an individual must file a complaint with the relevant administrative agencies. Which agencies a plaintiff must file with depends on the interaction between the ADEA and state law.

■ Prior to the commencement of an age discrimination claim in federal court, all plaintiffs must file a complaint with the Equal Employment Opportunity Commission ("EEOC"). 29 U.S.C. § 626(d). However, citizens of deferral states (states with their own age discrimination laws) must not only file their ADEA claim with the EEOC, but must *also* commence their state age discrimination claim in accordance with the laws of their particular state. 29 U.S.C. §§ 626(d), 633(b); *Reinhard v. Fairfield Maxwell, Ltd.*, 707 F.2d 697, 699 (2d Cir. 1983). This gives federal and local authorities an opportunity to resolve age discrimination claims without a full blown lawsuit. *Reinhard,* at 699.

■ Through its Human Rights Law, the State of New York has fashioned its own age discrimination laws, and therefore is a deferral state under 29 U.S.C. § 633(b). Thus, before commencing an age discrimination claim in federal court, a New York plaintiff must file a complaint with the EEOC, and must commence a New York Human Rights claim in accordance with the statutory requirements of New York Human Rights Law, Executive Law § 297(9). *Reinhard, supra; Kaczor v. City of Buffalo,* 657 F.Supp. 441 (W.D.N.Y.1987).

■ Defendants do not dispute that plaintiff fulfilled the statutory requirements for commencing an ADEA claim in federal court. *See* Amended Complaint ¶ 2. However, defendants allege that *state law* precludes plaintiff from raising the New York Human Rights claim in federal or state court.

In determining whether plaintiff fulfilled the statutory requirements for commencing a New York Human Rights claim in a court of law, this Court must adhere to New York law. *See Kirkland v. City of Peekskill,* 828 F.2d 104, 109 (2d Cir.1987); *Kaczor v. City of Buffalo,* 657 F.Supp. at 446.

New York Human Rights Law, Executive Law § 297(9) provides:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder [with the State Division of Human Rights] or with any local commission on human rights ... [unless] the division has dismissed such complaint on the grounds of administrative convenience.

A complaint was filed with the New York State Division ("Division") of Human Rights. Defendants conclude that plaintiff elected to pursue a state administrative remedy and, therefore, New York Human Rights Law, Executive Law § 297(9) precludes the commencement of this pendent state claim in federal or state court.

Once a complaint is filed with the Division, a plaintiff may not withdraw the complaint and turn to the courts for relief. Instead, the plaintiff is considered to have selected his remedy and must necessarily proceed with the administrative procedures. *See* N.Y. Human Rights Law, Executive Law § 297(9); *Kaczor v. City of Buffalo,* 657 F.Supp. 441 (W.D.N.Y.1987). The only exception to this strict rule is if the complaint is dismissed on grounds of administrative convenience. *See* New York Human Rights Law § 297(9); *Emil v. Dewey,* 49 N.Y.2d 968, 428 N.Y.S.2d 887, 406 N.E.2d 744 (1980); *Kaczor v. City of Buffalo,* at 446.

By letter dated December 30, 1988, plaintiff requested that the Division dismiss his complaint. By decision dated January 20, 1989 the Division complied with this request and dismissed plaintiff's complaint

on the grounds of *administrative convenience.*

Therefore, plaintiff has complied with New York's statutory requirements for commencing this state claim in a court of law.

### b. *Pendent Jurisdiction*

■ Even though the Court technically possesses jurisdiction over the New York Human Rights claim, it is an open question whether the Court *should* exercise its discretion and retain jurisdiction over this pendent state cause of action. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725–728, 86 S.Ct. 1130, 1138–1140, 16 L.Ed.2d 218 (1966).

The Second Circuit has never decided whether a plaintiff may commence both an ADEA claim and an age discrimination claim based on the New York Human Rights Law in federal court. The district courts are split on this issue.[1]

Seeing New York's age discrimination statute as complimenting the federal ADEA statute, three district courts retained jurisdiction over this pendent age discrimination claim. *See Kaczor v. City of Buffalo*, 657 F.Supp. 441 (W.D.N.Y. 1987); *Selbst v. Touche Ross & Co.*, 587 F.Supp. 1015 (S.D.N.Y.1984); *People of the State of New York v. Holiday Inns, Inc.*, 656 F.Supp. 675 (W.D.N.Y.1984).

The New York Human Rights Law, however, allows recovery of compensatory damages, which may include compensation for mental anguish. *See Batavia Lodge No. 196, Loyal Order of Moose v. New York State Div. of Human Rights*, 35 N.Y. 2d 143, 359 N.Y.S.2d 25, 316 N.E.2d 318 (1974); *Board of Educ. v. McCall*, 108 A.D. 2d 855, 485 N.Y.S.2d 357 (2d Dep't 1985). Thus, a claim based on the New York statute could involve questions of plaintiff's mental state which are irrelevant to a violation of the ADEA, *see Haskell v. Kaman Corp.*, 743 F.2d 113, 120–121 (2d Cir.1984), and could prejudice the jury in Realmuto's favor. Moreover, placing plaintiff's state claim before the jury could lead to confusion on the damages issue. For these reasons, one district court refused to exercise pendent jurisdiction over a New York Human Rights claim. *See Burger v. Health Insurance Plan of Greater New York*, 684 F.Supp. 46, 50 n. 4 (S.D.N.Y.1988).

One specific argument not discussed by any of the district courts sways this Court to dismiss this pendent state claim. In *Johnson v. Al Tech Specialties Corp.*, 731 F.2d 143 (2d Cir.1984), the Court of Appeals for the Second Circuit held that since compensatory damages are not available under the ADEA prelitigation, administrative, conciliation process, an ADEA plaintiff cannot recover compensatory damages in federal court. The Second Circuit stated:

> If an individual alleging discrimination knew he could recover compensatory damages if he refused to settle during the administrative process, and commenced a civil suit, he would have little incentive to resolve the dispute during the conciliation process.

*Johnson*, 731 F.2d at 147.

Similarly, if New York plaintiffs knew they could recover compensatory damages by combining an ADEA claim with a New York Human Rights claim, there would be little incentive for a plaintiff to settle during the EEOC conciliation process. Moreover, this Court agrees with the contention that placing both a New York Human Rights claim and an ADEA cause of action before a jury could prejudice the jury in plaintiff's favor and might lead to jury confusion on the damages issue. *See Burger v. Health Insurance Plan of Greater New York, supra.*

Therefore, the Court refuses to exercise its discretion to retain pendent jurisdiction over the New York Human Rights claim, and this claim is dismissed.

---

1. Few federal district courts in this circuit have ruled on this issue, because once a complaint is filed with the Human Rights Division, New York law makes it exceedingly difficult for a plaintiff to withdraw the complaint and then proceed in a court of law. *See* New York Human Rights Law, Executive Law § 297(9).

## CONCLUSION

Defendants' motion to strike plaintiff's demand for compensatory and punitive damages under the ADEA is granted. Moreover, plaintiff's New York Human Rights and intentional infliction of emotional distress claims are dismissed.

SO ORDERED.