Justina **GHARTEY**, Plaintiff,

v.

**SAINT JOHN'S QUEENS HOSPITAL and Local 1199, Drug, Hospital and Health Care Employees Union RWDSU/AFL/CIO and Mary Kelly Quinn and Winifred Paul, Defendants.**

**No. 87 CV 3111.**

United States District Court, E.D. New York.

Dec. 7, 1989.

As Amended Dec. 15, 1989.

Harold J. Johnson, White Plains, N.Y., for plaintiff.

Kelley Drye & Warren, New York City (John F. Gibbons, Israel E. Kornstein, and Barbara E. Hoey, of counsel), for defendant Saint John's Queens Hosp., Mary Kelly Quinn & Winifred Paul.

Eisner & Levy, P.C., New York City (Daniel J. Rather, of counsel), for defendant Local 1199.

## AMENDED MEMORANDUM AND ORDER

NICKERSON, District Judge.

This case was the subject of a Memorandum and Order dated May 27, 1988, familiarity with which is assumed. Defendants St. John's Queens Hospital (the Hospital) and Local 1199 (the Union) move under Rule 12(b)(6), Fed.R.Civ.P., to dismiss plaintiff's claim of wrongful discharge and breach of duty of fair representation. In the alternative, the Hospital and the Union move to dismiss plaintiff's demand for punitive damages. Defendants Quinn and Paul move to dismiss plaintiff's pendent state law claim against them for tortious interference with plaintiff's employment relationship with the Hospital.

Plaintiff brought this suit in September 1987. The Hospital and the Union moved to dismiss as untimely the federal claims of wrongful discharge by the Hospital and breach of duty of fair representation by the Union. This court granted the motion in May 1988 and, therefore, dismissed the state law claim against Quinn and Paul. The Court of Appeals for the Second Circuit reversed and remanded, *see Ghartey v. St. John's Queens Hospital*, 869 F.2d 160,

166–67 (2d Cir.1989), holding that plaintiff had filed a timely complaint and directing this court to determine whether it had jurisdiction over the claim against Quinn and Paul. *Id.* at 167.

(i)

■ The court accepts the complaint's allegations as true and draws all reasonable inferences in favor of the plaintiff.

> Plaintiff's suit
>
> as a formal matter, comprises two causes of action. The suit against the employer rests on § 301 [of the Labor Management Relations Act], since the employee is alleging a breach of the collective-bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act.

*See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 165, 103 S.Ct. 2281, 2291, 76 L.Ed.2d 476 (1983). However, the two claims are "inextricably interdependent." *Id.* While a plaintiff may state a breach of duty claim against a union in instances not involving breach of the employment contract, *see Breininger v. Sheet Metal Workers International Association Local Union 6*, — U.S. —, 110 S.Ct. 424, 432–33, 107 L.Ed.2d 388 (1989), where as here, the issue is whether the union's conduct caused a wrongful discharge, plaintiff, in order to prevail against either the Hospital or the Union, must prove that the discharge was contrary to the collective bargaining contract and that 1) the Union's conduct was "'arbitrary, discriminatory or in bad faith,'" *see Barr v. United Parcel Service, Inc.*, 868 F.2d 36, 43 (2d Cir.1989) citing *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916–17, 17 L.Ed.2d 842 (1967), and 2) such conduct "'seriously undermine[d] the arbitral process.'" *Barr, supra,* 868 F.2d at 43, citing *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 567, 96 S.Ct. 1048, 1057–58, 47 L.Ed.2d 231 (1976). The complaint alleges that the Hospital discharged plaintiff without just cause in violation of the contract, that the Union "undermined the arbitral process," and failed to investigate the underlying allegations against plaintiff, to make more than a cursory preparation, to make any argument on plaintiff's behalf at the hearing, or to present witnesses the Union was advised would disprove the accusations.

■ Plaintiff alleges specifically that negotiations between defendants with respect to plaintiff's grievance were spurious, carried on in bad faith and deliberately designed to give plaintiff an impression that there was sincere effort being made to resolve her grievance by securing plaintiff's reinstatement. It is alleged that the Union organizer Arlene Lawrence acted in bad faith and arbitrary manner and handled the plaintiff's grievance in a perfunctory way.

The Union argues that all these allegations are conclusory and insufficient to state a claim. But the court does not regard them as so generalized as to be insufficient. The Supreme Court has admonished the courts to construe duty of representation claims to avoid dismissals. *See Czosek v. O'Mara*, 397 U.S. 25, 27, 90 S.Ct. 770, 772, 25 L.Ed.2d 21 (1970). This court concludes that the complaint states a claim against the Hospital and the Union.

(ii)

An employee may not recover punitive damages from a union for a breach of its duty of fair representation under the Railway Labor Act. *See International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42, 52–53, 99 S.Ct. 2121, 2127–28, 60 L.Ed.2d 698 (1979). In that case, the Supreme Court said that to allow such a recovery could compromise the

> collective interests of union members in protecting limited funds. To permit punitive damages, which, by definition, provide monetary relief 'in excess of … actual loss,' *Scott v. Donald*, 165 U.S. 58, 86 [17 S.Ct. 265, 267, 41 L.Ed. 632 (1897)] … could undermine this careful accommodation.

*Id.* at 50, 99 S.Ct. at 2127.

■ This rule has been extended to suits under the Employee Retirement Income Security Act alleging a breach of duty of fair

representation, *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1216 (8th Cir.1981), *cert. denied* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 and, in at least two circuits, to all union breach of duty of fair representation claims. *See Quinn v. DiGiulian*, 739 F.2d 637 (D.C.Cir.1984); *Wells v. Southern Airways, Inc.*, 616 F.2d 107, 109 n. 1 (5th Cir.1980), *cert. denied* 449 U.S. 862, 101 S.Ct. 166, 66 L.Ed.2d 78. There is no plausible way to distinguish these decisions from the present case. The same policy concerns exist in a breach of duty claim against a union under the National Labor Relations Act.

Plaintiff, however, may be awarded punitive damages if the Hospital's conduct "constitutes a willful abuse of a duty imposed as a result of defendant's position of authority or trust, as well as a breach of contract." *See Holodnak v. Avco Corp.*, 514 F.2d 285, 292 (2d Cir.1975), *cert. denied* 423 U.S. 892, 96 S.Ct. 188, 46 L.Ed.2d 123; *Refino v. Feuer Transportation, Inc.*, 480 F.Supp. 562, 568 (S.D.N.Y.1979), *aff'd without opinion*, 633 F.2d 205 (2d Cir.1980).

■ The Hospital contends that plaintiff has failed to allege that it is engaged in any such abusive conduct. But the complaint alleges that the Hospital's employees lied and conspired to have her employment terminated. This is sufficient to state a claim for punitive damages.

Plaintiff seeks leave to amend its complaint to add further instances of the Hospital's wilful abuse. Because leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), the court will permit plaintiff to amend.

### (iii)

Quinn and Paul, against whom plaintiff asserts the state law tortious interference claim, are citizens of New York, as is plaintiff. Therefore there is no diversity jurisdiction, and the court must determine whether there is "pendent-*party* jurisdiction, that is, jurisdiction over parties not named in any claim that is independently cognizable by the federal court." *See Finley v. U.S.*, —— U.S. ——, 109 S.Ct. 2003, 2006, 104 L.Ed.2d 593 (1989) (emphasis in original).

In *Finley*, the Court emphasized that " 'neither the convenience of the litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction.' " 109 S.Ct. at 2008, citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 376, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978). The present issue is whether section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), or 28 U.S.C. § 1337(a), which gives jurisdiction to actions arising under an act of Congress regulating commerce—the statutes on which jurisdiction over the claims against the Hospital and the Union respectively are based—affirmatively grant pendent-party jurisdiction over Quinn and Paul.

The Supreme Court, looking to the due regard for "the rightful independence of state governments," requires this court "scrupulously [to] confine" its jurisdiction "to the precise limits which the statute has defined." *Id.* 109 S.Ct. at 2008–09, citing *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934).

■ Neither section 301(a) nor section 1337(a) make an explicit affirmative grant of pendent party jurisdiction. Section 301(a) provides that the federal court has jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations." To construe this language as granting jurisdiction over any action that "includes" a claim of such a violation would be contrary to the restrictive construction that the Supreme Court in *Finley* gave to a statute more susceptible to a broader reading than section 301(a). *Cf. Gingras v. General Electric Co.*, 476 F.Supp. 644, 647 (E.D.Penn.1979).

■ Section 1337(a) provides jurisdiction over "any civil action or proceeding arising under any act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." Plaintiff's action does not arise under an "act of Congress," *cf. Hunter v. United*

*Van Lines,* 746 F.2d 635, 644 (9th Cir. 1984), *cert. denied* 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985), and the section makes no affirmative grant of pendant party jurisdiction. Under the reasoning of *Finley,* this court does not have such jurisdiction over the claim against Quinn and Paul under 28 U.S.C. § 1337(a).

The motions of the Hospital and the Union to dismiss for failure to state a claim are denied. The Union's motion to dismiss the punitive damages claim is granted. Plaintiff's motion to amend the claim against the Hospital is granted. The claim against Quinn and Paul is dismissed. Plaintiff's motion to amend the complaint to add further pendent party claims is denied.

So ordered.