**Justina GHARTEY, Plaintiff,**

v.

**SAINT JOHN'S QUEENS HOSPITAL and Local 1199, Drug, Hospital and Health Care Employees Union, RWSDSU, AFL–CIO, Mary Kelly Quinn and Winifred Paul, Defendants.**

**No. 87 C 3111.**

United States District Court, E.D. New York.

Sept. 21, 1990.

**126**

Harold J. Johnson, White Plains, N.Y., for plaintiff.

Kelley Drye & Warren (John F. Gibbons, Israel E. Kornstein and Barbara E. Hoey, of counsel), New York City, for defendants Saint John's Queens Hosp., Mary Kelly Quinn and Winifred Paul.

Eisner & Levy, P.C. (Daniel J. Rather, of counsel), New York City, for defendant Local 1199.

### MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action following her termination from employment. The defendants are Saint John's Queens Hospital (the Hospital), Local 1199, Drug, Hospital and Health Care Employees Union, RWSDSU, AFL–CIO (the Union), and two individuals, Mary Kelly Quinn and Winifred Paul.

Plaintiff, a member of the Union, alleges she was employed as a nurse by the Hospital and was involved in an altercation with Quinn, another Hospital nurse. Five days after the incident the Hospital discharged plaintiff for unprofessional behavior.

The matter went to an arbitration hearing at which Quinn and Paul, another Hospital employee, testified unfavorably to plaintiff. Thereafter the arbitrator upheld the Hospital's discharge.

This suit followed, alleging as a first claim a wrongful discharge by the Hospital and a breach of duty of fair representation by the Union. As a second and pendent claim plaintiff asserted that Quinn and Paul had intentionally interfered with her employment relationship with the Hospital in violation of state law.

By Memorandum and Order dated May 27, 1988 this court dismissed the first claim as untimely and the second claim for lack of jurisdiction.

The Court of Appeals reversed, holding that the claims were timely and that this court should focus on the second claim in light of the reversal of the dismissal of the first claim. *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160 (2d Cir.1989).

By Memorandum and Order dated December 15, 1989, this court then dismissed the claim against Quinn and Paul under state law for tortious interference with contract, holding that neither 29 U.S.C. § 185(a) (section 301(a) of the Labor Management Relations Act of 1947) nor 28 U.S.C. § 1337(a) (granting jurisdiction over actions under a federal act regulating commerce) conferred pendent party jurisdiction

over Quinn and Paul in a state law claim. 727 F.Supp. 795.

Plaintiff now moves to amend her complaint to reallege the claim against Quinn and Paul and assert federal common law as a basis for jurisdiction. The Hospital applies to the court to reconsider its December ruling permitting plaintiff to seek punitive damages against the Hospital.

Familiarity with the previous decisions of this court and of the Court of Appeals is assumed.

## I.

As the Court of Appeals for the Second Circuit recognized in *Baylis v. Marriott Corp.*, 843 F.2d 658, 664 (2d Cir.1988) (*Baylis I*), the federal courts have "the power to develop a uniform body of federal law in the process of construing and enforcing collective bargaining agreements covered by § 301 of the Labor–Management Relations Act," citing *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 456–57, 77 S.Ct. 912, 917–18, 1 L.Ed.2d 972 (1957). Section 301(a) extends the jurisdiction of a District Court to "suits for violation of contracts between an employer and a labor organization representing employees ... or between any such labor organizations."

The Supreme Court has said that § 301 is not to be given a narrow reading and has directed the courts "to formulate and apply federal law to suits for violation of collective bargaining contracts." *Smith v. Evening News Ass'n*, 371 U.S. 195, 199, 83 S.Ct. 267, 270, 9 L.Ed.2d 246 (1962).

The Supreme Court has also held that when resolution of a state law claim is substantially dependent upon interpretation of a collective bargaining agreement that claim must either "be treated as a § 301 claim" or "dismissed as preempted by federal labor-contract law." *Allis Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985). Plaintiff cannot establish the alleged tortious inducement to breach the collective bargaining agreement without establishing the meaning of that agreement and its breach by the Hospital. *See Baylis v. Marriott Corp.*, 906 F.2d 874, 877 (2d Cir.1990) (*Baylis II*). Thus, plaintiff's claim against Quinn must either be treated as one under § 301 or be dismissed as prohibited by that section.

This court is aware of no decision that holds that § 301 prohibits a claim for tortious interference with labor contracts. Indeed, in *Baylis I* the Court of Appeals for the Second Circuit cited with apparent approval, albeit in *dicta*, two cases allowing such claims under § 301. *Local 472, United Ass'n of Journeymen v. Georgia Power Co.*, 684 F.2d 721, 725 (11th Cir.1982); *Wilkes–Barre Publishing Co. v. Newspaper Guild*, 647 F.2d 372, 379–81 (3d Cir. 1981).

Both those decisions held that the District Court had jurisdiction over claims of tortious inducement of breach of a collective bargaining agreement and that the applicable substantive law under § 301 was federal law fashioned by the court from the policy of the national labor laws. As both courts recognized, to hold that such claims of tortious interference were not a matter of federal law might create a lack of uniformity in protecting a labor contract "which has its being in and draws its vitality from the federal common law of labor contracts." 647 F.2d at 381 and 684 F.2d at 725–26.

In contrast to the Railway Labor Act there is nothing in § 301 that suggests that it bars claims for tortious interference with labor contracts. The Railway Labor Act makes the procedures established under it the exclusive forum for interpretation of such contracts. *Baylis II, supra*, at 877. The same is not true of contracts covered by § 301. Indeed, by its terms that section establishes the federal court as the forum for the contract's interpretation.

Quinn and Paul suggest that the *Local 472* and *Wilkes–Barre Publishing Co.* cases are distinguishable on the ground that in each the plaintiff was a party to the collective bargaining agreement. But union members may sue their employer under § 301. Those decisions made no point of the identity of the plaintiff. They allowed claims against third parties for tortious interference in order to protect those who had rights under the labor contract.

Plaintiff as a union member had rights under the collective bargaining agreement between the Hospital and the Union. She could sue the Hospital and the Union to protect those rights. There is no reason in policy why she should be disabled from protecting those rights against the efforts of others to induce their denial.

Quinn and Paul also argue that to permit a plaintiff to bring a tortious interference claim in federal court might circumvent federal labor policy by authorizing actions before the exhaustion of the grievance and arbitration procedures. But the court can preserve this federal interest by requiring exhaustion of such procedures as a prerequisite to filing the claim. There is no suggestion that plaintiff failed to exhaust the grievance procedures.

There is no merit to the contention of Quinn and Paul that as individual union members they may not be sued under Section 301 for damages arising out of a breach of the collective bargaining agreement. They cite *Complete Auto Transit v. Reis*, 451 U.S. 401, 101 S.Ct. 1836, 68 L.Ed.2d 248 (1981). That case held only that Section 301 does not allow recovery of damages against individual union members resulting from breach of a no-strike provision of a collective bargaining agreement and expressly limited the holding to this narrow point. *Id.* at 415 n. 17, 101 S.Ct. at 1844 n. 17. The Supreme Court has held that § 301 contemplates other suits by and against individual employees. *Hines v. Anchor Motor Freight*, 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976).

Plaintiff may amend her complaint to allege a claim for tortious interference under federal common law.

## II.

The court sees no reason to reconsider its earlier decision that punitive damages may be available against the Hospital under section 301. The Hospital says that the complaint fails to allege facts suggesting that Hospital management, as distinct from its employees, abused its authority.

The complaint states that the Hospital and the other defendants undertook negotiations that were "spurious, carried on in bad faith and deliberately designed to give plaintiff an impression that there was a sincere effort being made." These allegations and those stating that the Hospital's employees lied and conspired to have plaintiff fired, justify an inference of management's willful misconduct.

The court need not at this time determine whether plaintiff may recover punitive damages solely for the misconduct of non-management employees.

Plaintiff's motion is granted. The Hospital's motion for reconsideration is denied.

So ordered.