**Lee SIROTA, Plaintiff,**

v.

**WELBILT APPLIANCE, INC., Defendant.**

**No. CV 93–4083.**

United States District Court, E.D. New York.

Jan. 7, 1994.

David Porter, Garden City, NY, for plaintiff.

Burns Handler & Burns by Arthur M. Handler, New York City, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Lee Sirota brings this action against his former employer defendant Welbilt Appliance, Inc., claiming that defendant discriminated against him on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* (the "ADEA Claim"), and New York's Human Rights Law, N.Y.Exec.Law §§ 290 *et seq.* (the "HRL Claim"). Presently before the Court are defendant's motion to dismiss plaintiff's HRL Claim pursuant to 28 U.S.C.

§ 1367(c) and to strike certain relief demanded in the complaint and various allegations in the complaint pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, and plaintiff's cross-motion for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

## I. BACKGROUND

Plaintiff alleges that he commenced employment with defendant company in or about April 1990, in the position of Credit and Collection Manager. He was then 55 years old. In or about January 1991, defendant's management changed as a result of a leveraged buy-out of the defendant. A new president and vice-president began running the company. Plaintiff contends that thereafter defendant commenced actively terminating older employees and replacing them with younger employees.[1] Plaintiff alleges that he was discharged from employment by defendant on February 26, 1993, when he was 58 years old, and was replaced by a female in her early thirties. He alleges he was told that the reason he was terminated was due to poor performance. He claims, however, that he had never been advised that his work for defendant was deficient or that he risked being terminated for poor performance. Rather, he alleges that his work performance was always good to excellent.

In his complaint, plaintiff demands, among other things, reinstatement, "pay" and benefits, compensatory damages of $2 million, punitive damages of $2 million, and attorney's fees under 42 U.S.C. § 1988. Plaintiff does not identify which relief is sought under which claim.

In response to the complaint, defendant moves: (1) to strike the demand for compensatory and punitive damages on the ADEA Claim; (2) to dismiss the HRL Claim as not proper for the exercise of supplemental jurisdiction or, in the alternative, to strike the demand for punitive damages on the HRL Claim; (3) to strike plaintiff's request for attorney's fees under 42 U.S.C. § 1988; and (4) to strike certain allegations in the complaint as legally irrelevant and unduly prejudicial pursuant to Fed.R.Civ.P. 12(f).

In opposition to the motion, plaintiff concedes that compensatory and punitive damages are not available on his ADEA Claim, see Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 147–48 (2d Cir.1984); Realmuto v. Yellow Freight System, Inc., 712 F.Supp. 287, 288 (E.D.N.Y.1989), and that punitive damages are not available on his HRL Claim, see Thoreson v. Penthouse Int'l Ltd., 80 N.Y.2d 490, 591 N.Y.S.2d 978, 606 N.E.2d 1369 (1992). Plaintiff also concedes that attorney's fees may not be awarded on his claims under 42 U.S.C. § 1988, but notes, as defendant concedes, that "reasonable attorney's fees" may be awarded to a prevailing party under the ADEA pursuant to 29 U.S.C. § 216(b) and § 626(b). Thus, plaintiff cross-moves for permission to file an amended complaint to cure these defects in the complaint, and has submitted a copy of a proposed amended complaint. However, plaintiff argues that exercise of this Court's jurisdiction over the HRL Claim is appropriate, and opposes defendant's request that certain language be stricken from the complaint. Thus, this Court must decide whether the exercise of jurisdiction over plaintiff's HRL Claim is appropriate and whether certain allegations in the complaint must be stricken as legally irrelevant and unduly prejudicial.

## II. DISCUSSION

### A. Supplemental Jurisdiction

■ This Court has the power to exercise supplemental jurisdiction over a state law claim where the state claim and federal claim "derive from 'a common nucleus of operative fact' and commonly will exercise it if 'considerations of judicial economy, convenience and fairness to litigants' weigh in favor of hearing the claims at the same time." Promisel v. First American Artificial Flowers, 943 F.2d

---

1. In particular, in paragraph 10, plaintiff alleges: "That after said individuals became employed by Welbilt Appliance, Inc., the defendant commenced actively terminating (or forcing to leave) older employees and replacing them with youn-ger employees. Such older employees, in addition to your plaintiff, include but are not necessarily limited to the following individuals: ...." Plaintiff identifies five individuals.

251, 254–58 (2d Cir.1991) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966)), *cert. denied,* —— U.S. ——, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992). As the Second Circuit stated in *Promisel,* in upholding a district court's exercise of pendent jurisdiction of a Human Rights Law claim tried with an ADEA claim, "pendent jurisdiction over plaintiff's state law claims, while not automatic, is a favored and normal course of action." *Id.* at 254; *see also Sajnani v. American Int'l Cos.,* No. 91 CV 0650, 1993 WL 276973 (E.D.N.Y. July 15, 1993) (Nickerson, J.) ("The court found in *Promisel* that both discrimination claims were based on the same facts and that the difference in federal and state discrimination were insufficient to require dismissal of the state claim.").

■ Although this Court, in *Realmuto, supra,* declined to exercise pendent jurisdiction over a Human Rights Law claim prior to the Second Circuit's decision in *Promisel,* in light of *Promisel* this Court finds that the exercise of supplemental jurisdiction over plaintiff's HRL Claim is appropriate under 28 U.S.C. § 1367(a). Based on the allegations of the complaint, the ADEA Claim and the HRL Claim arise out of the same facts and the evidence of discrimination will be virtually the same for both claims. This Court believes that the possibility of jury confusion or prejudice to the defendant from the introduction of compensatory damages evidence is not sufficient to prevent the appropriate exercise of pendent jurisdiction. The possibility of jury confusion and prejudice do not justify the duplication and waste which would result from separate proceedings. Accordingly, defendant's request to dismiss the HRL Claim is denied.

B. *Motion to Strike*

■ In its challenge to particular allegations in the complaint, defendant moves to strike from the ADEA Claim the language "in addition to suffering great pain and mental anguish," Complaint ¶ 20, on the ground that this allegation relates only to a claim for compensatory damages and plaintiff concedes that compensatory damages are not available on the ADEA Claim. In addition, defendant moves to strike from the ADEA Claim the allegation of malice, Complaint ¶ 21, on the ground that this allegation is applicable only to a claim for punitive damages and plaintiff concedes that punitive damages are not available under his ADEA Claim. Because this Court agrees with defendant, these allegations must be stricken from the ADEA Claim.

■ Lastly, defendant moves to strike paragraph 10 of the complaint concerning an alleged pattern and practice of discrimination by defendant on the ground that these allegations are legally irrelevant to plaintiff's claims and are unduly prejudicial. This Court disagrees. To the contrary, as plaintiff argues, proof that defendant engaged in a pattern and practice of terminating older employees and replacing them with younger employees could be relevant to the question of whether plaintiff was terminated for age-related reasons, thereby establishing circumstantially discriminatory treatment of plaintiff. *See Haskell v. Kaman Corp.,* 743 F.2d 113, 121–22 (2d Cir.1984); *Stanojev v. Ebasco Services, Inc.,* 643 F.2d 914, 921 (2d Cir. 1981). It is too early in the litigation to say that plaintiff cannot adduce sufficient evidence to establish such a pattern and practice and its relevance to the question of whether plaintiff was terminated for age-related reasons. Accordingly, the allegations of paragraph 10 should not be stricken.

*CONCLUSION*

Accordingly, based on the foregoing, defendant's motion (1) is granted to the extent it seeks to (a) to strike the demand for compensatory and punitive damages on the ADEA Claim; (b) to strike the demand for punitive damages on the HRL Claim; and (c) to strike plaintiff's request for attorney's fees under 42 U.S.C. § 1988; (2) is denied to the extent it seeks to dismiss the HRL Claim as not proper for the exercise of supplemental jurisdiction; and (3) is granted in part and denied in part to the extent it seeks to strike certain allegations in the complaint as legally irrelevant and unduly prejudicial pursuant to Fed.R.Civ.P. 12(f). Plaintiff's cross-motion for leave to serve and file an amended complaint is granted to the extent that plaintiff is

permitted to serve and file an amended complaint in conformity with the above decision within 30 days from the date of this order.

SO ORDERED.