**Maritza MARTINEZ, Plaintiff,**

v.

**KETCHUM ADVERTISING COMPANY,
Defendants.**

**No. 92 Civ. 7113 (MBM).**

United States District Court,
S.D. New York.

Oct. 12, 1994.

Michael H. Sussman, Goshen, NY, for plaintiff.

Baba M. Zipkin, Hall, Dickler, Lawler, Kent & Friedman, New York City, for defendant.

## AMENDED OPINION AND ORDER

MUKASEY, District Judge.

Plaintiff Maritza Martinez alleges that her former employer, Ketchum Advertising Company,[1] discriminated against her on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (1982), and the New York State Human Rights Law, N.Y.Exec.Law § 291 *et seq.* (the "Human Rights Law" or "HRL"). Defendant moves, pursuant to Fed.R.Civ.P. 12(f), to strike plaintiff's demand for a jury trial and for compensatory and punitive damages under Title VII, and to strike plaintiff's demand for a jury trial as to equitable relief and for punitive damages under the Human Rights Law. Defendant moves also for summary judgment pursuant to Fed.R.Civ.P. 56(c) dismissing plaintiff's claims seeking damages for her abortion and her separation from her husband. For the reasons set forth below, defendant's motions are granted in part and denied in part.

## I.

The following facts are not in dispute: In April 1991, Ketchum hired plaintiff to work as Steven Penchina's administrative assistant at a monthly salary of $2,667. (Def. 3(g) ¶ 1; Pl. 3(g) ¶ 1) In the summer of 1991, plaintiff became pregnant. (Complt. ¶ 7; Def. 3(g)

¶ 4) On August 27, 1991, Penchina informed plaintiff that she was fired effective September 20, 1991. (Complt. ¶ 8; Def. 3(g) ¶ 2) Penchina explained to plaintiff that the reason her employment was being terminated was because her job was being upgraded, with a consequent increase in required skills, and not because of her poor job performance. (Complt. ¶ 9) Penchina asked plaintiff if she would like to remain at Ketchum, and said that he would help her seek another job at Ketchum. (Pl. 3(g) ¶ 14; Def. 3(g) ¶ 14) He said also that there was a good chance that plaintiff could find employment at the company where both she and Penchina formerly worked. (*Id.*) Plaintiff rejected Penchina's offers and refused also the assistance of Ketchum's personnel director. (Pl. 3(g) ¶ 15; Def. 3(g) ¶ 15) Plaintiff did have one interview at WNET in New York, which resulted in an offer of employment, but she turned down the offer because the salary was less than she had earned at Ketchum. (Pl. 3(g) ¶ 16; Def. 3(g) ¶ 16) After rejecting WNET's offer, plaintiff did not seek other employment until the winter of 1992. (Pl. 3(g) ¶ 17); Def. 3(g) ¶ 17) On October 11, 1991, plaintiff had an abortion. (Pl. 3(g) ¶ 5; Def. 3(g) ¶ 5). In April 1992, Plaintiff and her husband, who had separated in 1990 for six months, again separated. (Pl. 3(g) ¶¶ 10, 13; Def. 3(g) ¶¶ 10, 13)

Plaintiff alleges that her family suffered economic loss and she was "forced to terminate her pregnancy, resulting in severe depression, mental anguish, anxiety, humiliation and embarrassment," and that she separated from her husband, all because defendant fired her. (Complt. ¶¶ 13–14)

## II.

Fed.R.Civ.P. 12(f) provides: "Upon motion made by a party ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In this case, plaintiff's demand for a jury trial and for compensatory and punitive damages under Title VII, and for a jury trial and for punitive damages under the Human Rights Law, may

---

1. Defendant asserts that the proper name of the corporation is Ketchum Communications, Inc.

be stricken as "immaterial" or "impertinent" only if neither Title VII nor the Human Rights Law authorizes what plaintiff asks. *See Sullivan v. LTV Aerospace & Defense Co.,* 850 F.Supp. 202, 204 (W.D.N.Y.1994); *Sirota v. Welbilt Appliance, Inc.,* 840 F.Supp. 11, 14 (E.D.N.Y.1994).

■ The Supreme Court recently held in two companion cases that various provisions of the Civil Rights Act of 1991 are not to be applied retroactively. *Landgraf v. USI Film Prods.,* —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); *Rivers v. Roadway Express, Inc.,* —— U.S. ——, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994). In *Landgraf,* the Court specifically held that in Title VII cases, the sections of the Civil Rights Act of 1991 creating the right to recover compensatory and punitive damages, and providing for trial by jury if such damages are claimed, do not apply to any cases that arose before the Act's November 1991 effective date. —— U.S. at ——, ——, ——, 114 S.Ct. at 1496, 1506, 1508. Defendant's alleged discriminatory acts occurred before November 1991. Plaintiff therefore is not entitled to a jury trial, or to compensatory and punitive damages for her Title VII claim.

■ Both plaintiff and defendant agree that *Thoreson v. Penthouse Int'l Ltd.,* 80 N.Y.2d 490, 496, 591 N.Y.S.2d 978, 980, 606 N.E.2d 1369, 1371 (1992), bars punitive damages in an action for discriminatory practices under the Human Rights Law. The parties disagree on whether a jury trial is available in such an action. Defendant erroneously cites *Davila v. New York Hospital,* 813 F.Supp. 977, 987 (S.D.N.Y.1993) for the proposition that a jury trial is not permitted. Even a cursory reading of that case makes clear that "when a federal court is presented with a case involving both legal and equitable claims for relief that have common issues of fact, and a jury trial has been properly demanded with respect to the legal claims, the party making the demand has a right to have the legal claims tried to a jury." *Id.* Further, the Second Circuit has unambiguously held that "because Executive Law § 296 permits the recovery of monetary damages, claims made in federal court under this provision are characterized as legal in nature

and are tried to a jury." *Song v. Ives Laboratories, Inc.,* 957 F.2d 1041, 1047–48 (2d Cir.1992); *see also Lambert v. Genesee Hospital,* 10 F.3d 46, 52 (2d Cir.1993) ("Human Rights Law claims are legal and ... the right to a jury therefore attaches"), *cert. denied,* —— U.S. ——, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994).

Defendant's motion to strike plaintiff's request for a jury trial under the Human Rights Law therefore is denied. Defendant's motion to strike plaintiff's demand for a jury trial and for compensatory and punitive damages under Title VII, and to strike plaintiff's request for punitive damages under the Human Rights Law, is granted pursuant to Fed.R.Civ.P. 12(f).

## III.

Plaintiff claims that defendant's alleged discriminatory firing caused her to have an abortion and to separate from her husband. (Complt. ¶¶ 13–14) In support of these allegations, plaintiff offers her alleged explanation to her husband for going ahead with her abortion: "I was expecting. I did not have a job. I had two children. I've always taken care of myself. And I didn't know how soon I could find employment. And I felt that ... [because of] my expecting, no one was going to hire me." (Zipkin Aff. Exh. 2 at 104)

■ For plaintiff to overcome defendant's summary judgment motion, she must show that it is reasonable to hold defendant liable for "causing" plaintiff to have an abortion and to separate from her husband. Although the "concept of proximate cause ... is an elusive one, incapable of being precisely defined to cover all situations," *Derdiarian v. Felix Contracting Corp.,* 51 N.Y.2d 308, 314, 434 N.Y.S.2d 166, 169, 414 N.E.2d 666, 670 (1980), it is a concept that nonetheless must have some limits. In describing the "orbit of duty" in the venerable case of *Palsgraf v. Long Is. R.R. Co.,* 248 N.Y. 339, 345, 162 N.E. 99 (1928), Chief Judge Cardozo wrote "[t]he range of reasonable apprehension is at times a question for the court, and at times, if varying inferences are possible, a question for the jury." The same is true for issues of proximate cause and foreseeability. *Ventri-*

*celli v. Kinney System Rent A Car, Inc.*, 45 N.Y.2d 950, 952, 411 N.Y.S.2d 555, 555, 383 N.E.2d 1149 (1978). Proximate cause can be established if "it was reasonably foreseeable that the consequences complained of would follow from the allegedly wrongful act." *Stanford v. Kuwait Airways Corp.*, No. 85–Civ.0477, 1992 WL 295978, at *4 (S.D.N.Y. Oct. 6, 1992) (quotation omitted). In *Stanford*, the Court denied defendant's summary judgment motion because it found that a hijacking was a reasonably foreseeable consequence of the airline's failure to screen passengers boarding the plane. *Id.* No such reasonable connection is apparent here.

Viewing all of the evidence in a light most favorable to the plaintiff, as is required in a motion for summary judgment, *Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 572 (2d Cir.1993), it was foreseeable that plaintiff would suffer economic harm after being discharged from her job, but it was not "reasonably foreseeable" that she would abort her fetus or separate from her husband. I know that questions of proximate cause are often left to the jury, but this case stretches the concept of causation to the point where any catastrophic choice by an allegedly wronged employee becomes foreseeable. Among other things, such a definition of "causation" would require a fact finder to disregard completely plaintiff's own intervening free will, and her husband's, exercised over matters far beyond the employment setting that was the arena for the alleged wrong. That is simply unreasonable, and summary judgement is warranted. *See Derdiarian*, 51 N.Y.2d at 315–16, 434 N.Y.S.2d at 170, 414 N.E.2d at 670 ("There are certain instances, to be sure, where only one conclusion may be drawn from the established facts and where the question of legal cause may be decided as a matter of law").

For the above reasons, defendant's motion, pursuant to Fed.R.Civ.P. 12(f), to strike plaintiff's demand for a jury trial and for compensatory and punitive damages under Title VII, and to strike plaintiff's demand for punitive damages under the Human Rights Law is granted; defendant's motion to strike plaintiff's request for a jury trial under the Human Rights Law is denied; and defendant's motion for summary judgment, pursuant to Fed.R.Civ.P. 56(c), dismissing plaintiff's claims seeking damages for her abortion and her separation from her husband is granted.