Robert A. ERHARD, Jr., Plaintiff,

v.

LOCAL UNION NO. 604, Purolator Products Company, and Agricultural Implement Workers of America, Defendants.

No. 95–CV–6279L.

United States District Court,
W.D. New York.

Feb. 14, 1996.

Nancy M. Eraca–Cornish, Elmira, NY, for Robert A. Erhard, Jr.

James N. McCauley, Ithaca, NY, for Local Union No. 604, International Union of United Aerospace and Agricultural Implement Workers of America.

Mary Elizabeth Mattimore, Buffalo, NY, Sharon M. Porcellio, Lippes, Silverstein, Mathias & Wexler, Buffalo, NY, for Purolator Products Company.

## DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

Plaintiff brings this action pursuant to the National Labor Relations Act, 29 U.S.C. § 151 et seq., and § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Pending before the Court is defendants' motion to strike and to dismiss various portions of plaintiff's complaint, pursuant to Fed. R.Civ.P. 12(f) and Fed.R.Civ.P. 12(b)(6).

### FACTS

Plaintiff, Robert A. Erhard, Jr., worked as a fuel pump assembler for Purolator Products Company ("Purolator") from October 12, 1992 until March 7, 1994. Throughout his employment, plaintiff was covered by a collective bargaining agreement between Purolator, Local Union 604, and the International Union of United Automobile Aerospace and Agricultural Implement Workers of America (collectively "Unions"). This agreement prohibited employee discharge without proper cause and established a formal grievance procedure, which culminated in binding arbitration.

On March 7, 1994, Purolator discharged plaintiff allegedly for harassing a coworker. Plaintiff denies this allegation and maintains that there was no proper cause for his discharge. The Unions filed a grievance on plaintiff's behalf, which proceeded through the first three "steps" of the grievance procedure without resolution in favor of plaintiff.

Plaintiff then demanded arbitration, and on October 4, 1994, a hearing was held. At that time, Purolator raised, as a defense to the arbitration, plaintiff's failure to timely advance from Step 1 to Step 2 of the grievance procedure. Reserving decision on the timeliness issue, the arbitrator heard testimony regarding the merits of plaintiff's grievance. On December 20, 1994, the arbitrator issued his decision, finding plaintiff's grievance non-arbitrable due to the untimely filing.

On June 14, 1995, plaintiff commenced this action against Purolator and the Unions, alleging, *inter alia,* that Purolator wrongfully discharged him in violation of the collective bargaining agreement and that the Unions breached their duty of fair representation in the subsequent grievance process. Plaintiff seeks both compensatory and punitive damages.

The Unions move, pursuant to Fed. R.Civ.P. 12(f), to strike those portions of plaintiff's complaint that demand punitive damages on the ground that such damages are not recoverable against labor organizations in this type of action. The Unions also move, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss those portions of plaintiff's complaint that allege the Unions and Purolator breached their duty of fair representation by failing to timely advance plaintiff's grievance from Step 1 to Step 2 of the grievance procedure. It is the Unions' position that such a claim is barred by the applicable statute of limitations.[1]

Plaintiff opposes the motion, arguing that he is entitled to punitive damages because the Unions' conduct was truly outrageous and that the action was timely commenced.

### DISCUSSION

**I. Defendants' Motion to Strike Plaintiff's Demand for Punitive Damages.**

As a second cause of action, plaintiff asserts that the Unions breached a "fiduciary duty" owed to him by failing to maintain a level of competency in those positions of the Unions which directly affect the outcome of grievances. It is plaintiff's position that the Unions had a duty to represent their mem-

---

1. In a letter filed with the Court on October 2, 1995, Purolator indicated its support of the Unions' motion and requested that any dismissal of plaintiff's claims on statute of limitations grounds also apply to Purolator.

bers fairly and in good faith.[2] Plaintiff seeks compensatory damages in an amount to be determined by the Court and punitive damages of at least one million dollars.

The Unions move to strike plaintiff's demand for punitive damages and the supporting allegations on the ground that such damages are not recoverable in this action.[3]

■ Federal Rule of Civil Procedure 12(f) provides that "[u]pon motion made by a party ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In this case, the Court may strike plaintiff's demand for punitive damages as immaterial or impertinent only if punitive damages are not recoverable against labor unions in this type of action. See Martinez v. Ketchum Advertising Co., 865 F.Supp. 166, 167–68 (S.D.N.Y.1994) (finding that plaintiff's demand for punitive damages may be stricken as immaterial or impertinent only if the law does not authorize their award); see also Sullivan v. LTV Aerospace and Defense Co., 850 F.Supp. 202, 204 (W.D.N.Y.1994).

■ The law is well settled that punitive damages "may not be assessed against a union that breaches its duty of fair representation by failing to properly pursue a grievance." International Bhd. of Elec. Workers v. Foust, 442 U.S. 42, 52, 99 S.Ct. 2121, 2128, 60 L.Ed.2d 698 (1979); Ghartey v. Saint John's Queens Hosp., 727 F.Supp. 795, 797–98 (E.D.N.Y.1989); Harris v. Joint Plumbing Indus. Board, 474 F.Supp. 1284, 1290 (S.D.N.Y.1979). Plaintiff has cited no authority to the contrary. Therefore, the Unions' motion to strike plaintiff's demand for punitive damages and the supporting allegations thereof is granted.

**2.** Although plaintiff has attempted to disguise his second cause of action as a fiduciary duty claim, it is clear that it is a claim for breach of the duty of fair representation and will be treated as such by this Court.

**3.** Specifically, the Unions seek to strike paragraph 23 of plaintiff's complaint which states: "Because Defendant Unions' breaches of fiduciary duty were willful and malicious with the intent to harm plaintiff and in order to deter such wrongful conduct in the future, Plaintiff is enti-

## II. Defendants' Motion to Dismiss Plaintiff's Claim for Breach of the Duty of Fair Representation.

As part of his claim for breach of the duty of fair representation, plaintiff alleges that defendants failed to timely advance his grievance from Step 1 to Step 2 of the grievance procedure. Specifically, plaintiff alleges in paragraph 16 of his complaint that defendants' "failure to perform a ministerial act completely extinguished Plaintiff's right to pursue his claim." Defendants move to dismiss this claim as barred by the applicable six-month statute of limitations.

It is defendants' position that plaintiff first became aware that defendants had not timely advanced his grievance from Step 1 to Step 2 on October 4, 1994, the date of the arbitration hearing, and, therefore, had six months from that date to commence an action. According to defendants, because plaintiff did not file this action until June 14, 1995, more than six months after the arbitration hearing, this claim is barred as a matter of law.

Plaintiff agrees that a six-month statute of limitations governs this claim, and apparently concedes that he first learned of the untimeliness claim on October 4, but argues, nonetheless, that this limitations period did not begin to run until December 20, 1994, the date of the arbitrator's decision. Plaintiff contends, therefore, that his June 14, 1995 filing was timely.

■ The six-month statute of limitations contained in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), is applicable to a lawsuit such as this one which alleges that a union breached the duty of fair representation by inadequately representing one of its members in grievance proceedings against an employer. DelCostello v. Interna-

tled to exemplary damages in an amount of at least One Million Dollars ($1,000,000.00)."

The Unions also seek to strike the underlined portion of paragraph 3 of plaintiff's wherefore clause which states: "That the court award Plaintiff compensatory damages in an amount to be determined *and exemplary damages in an amount of at least One Million Dollars ($1,000,000.00)* together with costs and interest for Defendant Unions' breach of their fiduciary duty."

*tional Bhd. of Teamsters,* 462 U.S. 151, 155, 103 S.Ct. 2281, 2286, 76 L.Ed.2d 476 (1983); *Ghartey v. St. John's Queens Hosp.,* 869 F.2d 160, 162 (2d Cir.1989).

 A cause of action based on the duty of fair representation accrues when plaintiff first could have maintained a law suit successfully. *Santos v. District Council,* 619 F.2d 963, 968–69 (2d Cir.1980); *King v. New York Tel. Co., Inc.,* 785 F.2d 31, 33 (2d Cir.1986). Therefore, the cause of action accrues when the plaintiff "knew or reasonably should have known that such a breach had occurred, even if some possibility of non-judicial enforcement remained." *Santos,* 619 F.2d at 969; *Eatz v. DME Unit of Local Union No. 3,* 794 F.2d 29, 33 (2d Cir.1986). A breach of the duty of fair representation is apparent to the union member at the time that he learns of the union's action or inaction about which he complains. *Ghartey,* 869 F.2d at 165.

 The "[d]ate the statute of limitations begins to accrue is not necessarily the date that the employee is notified of a final adverse determination with respect to a grievance. Instead, the statute of limitations begins to accrue against the employer and the union when the employee had actual or constructive notice that the union has breached its duty of fair representation." *Demchik v. General Motors Corp.,* 821 F.2d 102, 105 (2d Cir.1987).

 In the instant case, plaintiff learned at his arbitration hearing on October 4, 1994 that defendants had failed to timely advance his grievance from Step 1 to Step 2 of the grievance procedure. Consequently, October 4, 1994 is the first date on which plaintiff could have maintained successfully a law suit based on that breach of the duty of fair representation. Accordingly, plaintiff was required to file this claim within six months of his arbitration hearing. Having failed to do so, plaintiff's claim is time-barred and must be dismissed.

## CONCLUSION

For the foregoing reasons, the Unions' motion to strike paragraph 23 of the complaint in its entirety and those portions of para-

graph 3 of the wherefore clause pertaining to punitive damages is granted. Further, the Unions' motion to dismiss plaintiff's claim, found in paragraph 16 of the complaint, for breach of the duty of fair representation in failing to timely advance his grievance from Step 1 to Step 2 of the grievance procedure is granted as to all defendants.

IT IS SO ORDERED.