Doris B. **KEELEY**, Plaintiff,

v.

**CITIBANK, N.A., and Warren L. Swaney, Defendants.**

No. 85 Civ. 5746 (DNE).

United States District Court, S.D. New York.

April 25, 1989.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, Bettina B. Plevan and Richard M. Solazzo, New York City, of counsel, for defendants.

## MEMORANDUM & ORDER

EDELSTEIN, District Judge:

Plaintiff has filed this action for age and sex discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, and the New York Human Rights Law, N.Y.Exec.Law § 290 *et seq.* Defendant has moved for an order (1) granting summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, with respect to plaintiff's federal claims, (2) dismissing the pendent state discrimination claim on the ground that it is barred by the election of rights provision of the New York Human Rights Law; and (3) dismissing the plaintiffs claims for pain and anguish. For the reasons set forth below, defendants' motion for summary judgment is denied, the motion to dismiss the state claim is granted, and the motion to dismiss the claims for pain and anguish are dismissed as moot.

## BACKGROUND

Plaintiff has been employed by defendant Citibank and its precursor, First National City Bank, since 1963. From 1978 through 1985 she worked in the legal department of the New York Banking Division. From 1981 through 1985 she was an Assistant Vice–President under the super-

vision of defendant Warren L. Swaney. In April of 1985, plaintiff was transferred to the office of the General Counsel of Citibank. The dispute in this case arises over the failure of Mr. Swaney to promote Ms. Keeley to the position of Vice–President, although other employees were promoted to that position. In addition, Ms. Keeley contends that her transfer to the office of the General Counsel was in retaliation for her filing discrimination claims with the New York Division of Human Rights. Although defendants contend that Ms. Keeley's new position is equivalent to her previous one, it appears that she cannot be directly promoted to the title of Vice–President from that position.

Defendants contend that Ms. Keeley was not promoted to Vice–President because she was not qualified. Her job performance is criticized by her supervisor and it is contended that her organizational skills were poor. With respect to the transfer, the defendants contend it was justified by Keeley's poor attitude and her public accusation that Swaney committed perjury at a New York State administrative hearing regarding her Human Rights Law claim.

## DISCUSSION

### A. *Standard for Summary Judgment*

On a motion for summary judgment the court must view the facts in the light most favorable to the non-moving party. In order for the court to grant summary judgment, the moving party must demonstrate that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 156–57, 90 S.Ct. 1598, 1607–08, 26 L.Ed.2d 142 (1970); Fed.R.Civ. P. 56(c). Accordingly, for purposes of this motion the court must treat all of plaintiff's allegations as true. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Hawkins v. Steingut*, 829 F.2d 317, 319 (2d Cir.1987).

### B. *Failure to Promote*

Because proof of discrimination is in most instances circumstantial, courts have fashioned a three step procedure to allocate the burden of producing proof. First, the plaintiff must establish a *prima facie* case of discrimination; second, if the plaintiff makes out a *prima facie* case, the defendant has the burden of articulating a legitimate, nondiscriminatory reason for its actions; third, if the employer carries its burden, the plaintiff has the opportunity to demonstrate by a preponderance of the evidence that the legitimate reason proffered by the defendant is a pretext for discrimination. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981); *accord McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973).

■ There is little dispute that the plaintiff has made out a *prima facie* case: she is a member of the protected class, she applied for a promotion to vice-president, she was objectively qualified, she was not promoted, and subsequently other individuals were promoted to Vice–President. The defendants contend that plaintiff has failed to meet her burden because the circumstances surrounding her rejection as Vice–President do not give rise to an inference of discrimination. The burden of establishing a *prima facie* case, however, is not onerous. *See Burdine, supra*, 450 U.S. at 253, 101 S.Ct. at 1093–94. A showing that other applicants were considered for the job after plaintiff suffices to show circumstances giving rise to an inference of discrimination. *See McDonnell Douglas, supra*, 411 U.S. at 802, 93 S.Ct. at 1824. Accordingly, for purposes of this motion, the court finds that the plaintiff has established a *prima facie* case.

■ The defendants main contention is that the defendant has failed to raise triable issues of material fact with respect to the pretext element of proof. Defendants have proffered plaintiff's unsatisfactory job performance as the justification for her not being promoted. The main basis for this justification are the averments of Warren L. Swaney that the plaintiff did not perform her job satisfactorily. His contentions, however, are denied and refuted by plaintiff who also filed an affidavit. The

documentary proof submitted by defendants does not conclusively demonstrate that plaintiff's job performance had been criticized prior to the institution of legal proceedings, or even for that matter, after legal action was commenced. No job evaluations were provided for Ms. Keeley, although evaluations were provided for other employees who were promoted. The memoranda defendant Swaney contends are critical of Ms. Keeley do not conclusively establish that the Ms. Keeley's job performance was a justification for her not being promoted. With the exception of Swaney's testimony, the record is virtually devoid of criticism of the plaintiff's job performance.

Moreover, the state of mind and intent of defendants is very much in dispute. Although the Second Circuit has held that summary judgment is proper in appropriate discrimination cases, this is not such a case. See *Meiri v. Dacon*, 759 F.2d 989, 997–998 (2d Cir.), *cert. denied* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985). In *Meiri* defendant provided undisputed, documented instances of below par work performance by the plaintiff. In the instance case, there is not one such instance that has been documented. The papers in support and opposition to the motion present two differing accounts of the relevant events. The outcome depends on whether one believes Ms. Keeley's story or Mr. Swaney's story. Under such circumstances, summary judgment is inappropriate.

## C. *Retaliation Claim*

■ The defendants contend that Keeley's transfer was justified by legitimate, nondiscriminatory reasons and was not in any event a demotion. There is a factual dispute as to whether or not the transfer was a demotion. Plaintiff contends, and defendants do not directly dispute the contention, that Keeley's new position carried a lower "hay point" designation.[1] More-

over, it appears that Keeley could not be directly promoted to the office of Vice-President from her new position, although it is conceded that her prior position met the objective criteria for promotion to Vice-President.

The justifications proffered by defendants for the transfer are merely assertions of the putative reasons for the transfer. Although these assertions may suffice to overcome the second element of the tripartite apportionment of burden of production under *McDonnell* and *Burdine*, they do not suffice to eliminate all factual issues with respect to the claim. The plaintiff has made out a *prima facie* case and is, therefore, entitled to attempt to prove by a preponderance of the evidence that the justifications proffered by defendants are pretextual. The proof submitted by defendants with respect to these justifications, as with the disparate treatment claims, are not so clear and undisputed as to warrant summary judgment. See, e.g., *Meiri, supra,* 759 F.2d 989. Accordingly, summary judgment is denied as to the retaliation claim.

■ Defendants also contend that this court has no jurisdiction to entertain the retaliation claim because it was not raised before the State Division of Human Rights. It is true that a court may only consider allegations in a Title VII claim that were raised before the administrative agency or allegations that are reasonably related. *Miller v. International Telephone and Telegraph*, 755 F.2d 20, 23–24 (2d Cir.), *cert. denied* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). The flaw in this contention is two-fold. First, Keeley did raise a claim of retaliation in her administrative action.[2] *See* Affidavit of Bettina Plevan, Defendants' Attorney, Exhibit 3. Second, even if the retaliation claim had not been raised before the Division of Human Rights, the retaliation claim is reasonably related to the discrimination claim and

---

1. Positions at Citibank are assigned a "hay point" designation depending on the level of responsibility. In turn, the "hay point" designation determines, in part, an employee's eligibility for promotion.

2. The administrative retaliation claim did not allege a retaliatory transfer because Ms. Keeley had not yet been transferred. The claim, however, did allege that a transfer had been threatened.

could be entertained by this court. *See Kirkland v. Buffalo Board of Education,* 622 F.2d 1066 (2d Cir.1980).

Accordingly, the court finds that it has jurisdiction to entertain plaintiff's retaliation claim.

### D. *State Human Rights Law Claim*

■ Section 297(9) of the New York Executive Law provides for an election of remedies. An aggrieved party has the option of asserting a claim for discrimination under the Human Rights Law "in any court of appropriate jurisdiction ..., unless such person had filed a complaint hereunder or with any local commission on human rights, or with the superintendent pursuant to the provisions of section [296–a]" unless such complaint had been dismissed for administrative convenience. N.Y.Exec.Law § 297(9). Plaintiff herein filed a claim of discrimination with the New York Division of Human Rights. Defendant contends that by so doing plaintiff has elected to proceed with her state claim in the administrative forum and forfeited her right to assert the claim in this court. Plaintiff contends that the filing was not voluntary because she filed the state claim with the Division of Human Rights in order to satisfy the prerequisite of ADEA and Title VII that a claim first be filed with the appropriate local agency. 29 U.S.C. § 633(b).

The combined effect of ADEA and the Human Rights Law in New York is effectively to preclude the filing in federal court of state age discrimination claims pendent to a federal ADEA claim. *See, e.g., Hunnewell v. Manufacturers Hanover Trust Co.,* 628 F.Supp. 759, 761 (S.D.N.Y. 1986); *Koster v. Chase Manhattan Bank,* 609 F.Supp. 1191, 1196 (S.D.N.Y.1985); *Collins v. Manufacturers Hanover Trust,* 542 F.Supp. 663, 672 (S.D.N.Y.1982). Although the result has been called anomalous, it is in fact mandated by the statutory structure and is justified by principles of federalism and comity.

The plaintiff, acknowledging the statutory requirements and the weight of judicial authority, contends that the filing with the Division of Human Rights was not voluntary. Some courts have held that dismissal is not required when the administrative complaint is forwarded to the state agency by the Equal Employment Opportunity Commission, pursuant to local work-sharing arrangements. *See Kaczor v. City of Buffalo,* 657 F.Supp. 441 (W.D.N.Y. 1987); *People v. Holiday Inns,* 656 F.Supp. 675 (W.D.N.Y.1984). The rationale of those cases is inapposite to the instant case because the charge herein was filed first with the Division of Human Rights. Accordingly, this court is barred from entertaining the state discrimination claim.[3]

### E. *Claims for Physical and Mental Pain and Anguish*

Plaintiff concedes that her claims for pain and anguish are pursued under the New York Human Rights Law alone, and that they would be barred under Title VII and ADEA. In light of the dismissal for lack of jurisdiction of the state law claim, the court need not address the question whether such damages are recoverable under the New York Human Rights Law.

### CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is hereby denied.

SO ORDERED.

---

**3.** In any event, this court disagrees with the arbitrary distinction drawn by *Kaczor* and *Holiday Inns.* According to that rationale, whether a *pro se* plaintiff may bring a state action in federal court is dictated by the fortuity of which agency receives his or her complaint first. *See* *Kaczor, supra,* 657 F.Supp. at 447. On the other hand a plaintiff represented by counsel would have the opportunity to circumvent the apparent intent of the state and federal statutes. There seems to be no justification for such a result.