Carmen LIPPA, Plaintiff,

v.

GENERAL MOTORS CORPORATION, A.C. Rochester Products, Division of General Motors Corp., Steven Medwid, Individually and as General Supervisor of Fabrication A.C. Rochester Products, Defendants.

No. CIV–89–1200T.

United States District Court,
W.D. New York.

June 14, 1990.

Emmelyn S. Logan–Baldwin, Rochester, N.Y., for plaintiff.

Paul Yesawich, Harris, Beach & Wildox, Rochester, N.Y., for defendants.

## DECISION AND ORDER

TELESCA, Chief Judge.

### ON RECONSIDERATION

Plaintiff Carmen Lippa originally commenced this action under Title VII, 42 U.S.C. § 2000e *et seq.*, the Equal Pay Act, 29 U.S.C. §§ 206(d), 215 and 216, and New York Human Rights Law, alleging that she had suffered sex, marital, and retaliatory discrimination during the course of her em-

ployment with defendant General Motors Corporation. The defendants thereafter moved to dismiss plaintiff's Human Rights Law claim. By Decision and Order dated March 8, 1990, I found an exercise of pendent jurisdiction over plaintiff's state law claim unwarranted and accordingly granted defendants' motion.[1] I also noted at that time that plaintiff's filing of her Title VII claim with the EEOC "effectively constitute[d] an election of remedies under ... [New York Human Rights Law] sufficient to bar entertainment of her state law claim." *Lippa v. General Motors Corp., A.C. Rochester Products, Div. of General Motors Corp., Steven Medwid, Individually and as General Supervisor of Fabrication A.C. Rochester Products*, No. 89–1200T, *slip op.* at 2, (W.D.N.Y. March 8, 1990). The plaintiff now requests reconsideration of that decision and has moved to alter or amend judgment. For the reasons discussed below, the plaintiff's request for reconsideration is granted and her motion to alter or amend is denied.

### FACTS

The underlying facts of this case need only be stated briefly here and, for purposes of this decision only, are taken as alleged in plaintiff's complaint. *See* J. Moore, 3A Moore's Federal Practice 18.07, at 18–67 (determination as to exercise of pendent jurisdiction must be made on the facts as pleaded). Plaintiff Carmen Lippa is a white female who, at all relevant times to this action, has been an employee of defendant A.C. Rochester, a Division of defendant General Motors Corporation ("General Motors"). Defendant Steven Medwid is also employed by General Motors as General Supervisor of Fabrication of A.C. Rochester Products and is the plaintiff's supervisor.

As her supervisor, plaintiff claims that defendant Medwid has discriminated against her on the basis of her sex, marital status and in retaliation for her complaints of employment discrimination. In support of these allegations, plaintiff claims that Medwid inappropriately inquired into her sexual preference during the course of an annual review, improperly reassigned her from the day to the evening shift despite her seniority and allegedly satisfactory performance, and effectively denied her a merit raise by causing her to be placed in a "low performers" category.

The plaintiff also claims that, on at least one occasion, she has been reprimanded as to the impropriety of her dress while male co-workers similarly dressed have not, and has since been subjected to periodic performance counselings in retaliation for her complaints. She further alleges that at various times during her employment with the defendants, she has managed more responsibility but has received less pay than her male counterparts.

In December of 1988, plaintiff filed a complaint with the New York State Division of Human Rights alleging that General Motors had discriminated against her on the basis of sex with respect to the terms and conditions of her employment. After retaining her current attorney, plaintiff filed an amended discrimination complaint with the Division which expanded the factual allegations of the original complaint, added A.C. Rochester Products and Medwid as respondents, and alleged additional claims for marital and retaliatory discrimination. Pursuant to plaintiff's request, the Division dismissed her complaint for "administrative convenience."

General Motors thereafter commenced an Article 78 proceeding to reverse the Division's decision.[2] The defendants also

---

1. In her papers in support of her motion for reconsideration, plaintiff argues that the defendants never requested this court to decline an exercise of pendent jurisdiction over her state law claim. *See* Supplemental Affirmation in Support of Motion to Alter or Amend Judgment, for Reargument and for Reconsideration, April 25, 1990, at 2. While the defendants may have only alluded to this argument in their motion papers, *see* Aff. of Paul Yesawich in Notice of

Motion and Motion, Nov. 2, 1989, at 5, they presented this ground for dismissal in full at oral argument. *See* Transcript of Proceedings Before the Hon. Michael A. Telesca on March 7, 1990.

2. Under N.Y.Exec.Law § 298, judicial review of an administrative decision may be had only upon filing of an appeal within sixty (60) days after service of such order. N.Y.Exec.Law

moved before this Court for an order dismissing plaintiff's Human Rights Law claim, or alternatively, staying the federal action pending resolution of the Article 78 proceeding. By Decision and Order dated March 8, 1990, I granted defendants' motion to dismiss, finding the likelihood of jury confusion too great to warrant entertaining plaintiff's state claim. I also noted at that time my willingness to adopt the First Department's reasoning in its recent decision in *Scott v. Carter–Wallace, Inc.,* 147 A.D.2d 33, 541 N.Y.S.2d 780 (1st Dep't 1989), *appeal dismissed,* 75 N.Y.2d 764, 551 N.Y.S.2d 903, 551 N.E.2d 104 (1989), holding that this court lacked subject matter jurisdiction to entertain plaintiff's state law claim under the Human Rights Law election of remedies provision. *See* N.Y. Exec.Law § 297(9) (McKinney 1982). As the parties did not have an opportunity to fully brief this issue prior to my decision, I granted plaintiff's request for reargument.

### Discussion

1. *Election of Remedies*

The reasoning in *Scott* is predicated upon notions of equity and logic that follow from a thoughtful consideration of the interrelationship between Title VII and New York State's Human Rights Law, N.Y.Exec.Law § 290, *et seq.* (McKinney 1982).

Under Title VII, claimants of employment discrimination are statutorily required to seek relief under applicable state or local law before filing a complaint with the Equal Opportunity and Employment Commission (EEOC). 42 U.S.C. 2000e–5[c]. Were the EEOC to construe this requirement strictly, no charge of employment discrimination would be entertained unless it was first filed with the appropriate state or local agency. In practice, however, the EEOC has developed and the Supreme Court has approved, *see Love v. Pullman*

*Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), a system by which the Commission refers complaints to the appropriate local agency where they have been filed prematurely prior to exhaustion of state or local remedies.[3] *See* 29 C.F.R. § 1601.13. As the First Department noted in *Scott,* "[t]his system of referral and deferral insures compliance with procedural requirements not likely to be appreciated by most grievants." *Scott,* 147 A.D.2d at 35, 541 N.Y.S.2d 780; *see also Pullman Co.,* 404 U.S. at 527, 92 S.Ct. at 619.

Under New York's anti-discrimination statute, an aggrieved party suing under state law must elect either an administrative or judicial remedy for alleged discrimination. N.Y.Exec.Law § 297(9); *Scott,* 147 A.D.2d at 35, 541 N.Y.S.2d 780; *Emil v. Dewey,* 49 N.Y.2d 968, 428 N.Y. S.2d 887, 406 N.E.2d 744 (1980). A grievant may accordingly file her claim with any court of appropriate jurisdiction or with the New York State Division of Human Rights, but not both. Once she files with the State Division, she is barred from pursuing her claim in state court. The only exception arises where the proceeding before the State Division is dismissed on the ground of "administrative convenience." N.Y. Exec.Law § 297(9). Where the State Division chooses to dismiss a claim on these grounds, a grievant is thereafter entitled to seek relief through a state court action "as if no [administrative] complaint had been filed." *Id.*

Taken together, Title VII's deferral prerequisite and the Human Rights Law election requirements effectively preclude Title VII claimants from attempting to bring a Human Rights Law claim as pendent to their federal cause of action. *Giuffre v. Metropolitan Life Ins. Co.,* 129 F.R.D. 71, 78 (S.D.N.Y.1989); *Keeley v.*

---

§ 298 (McKinney Cum.1990). Although the defendants failed to timely appeal, they nonetheless argued in their Article 78 proceeding that State Division's dismissal only referred to plaintiff's original complaint, and therefore did not constitute a dismissal of her amended complaint.

3. During this referral period, the EEOC holds the complaint in "suspended animation." *Pullman,* 404 U.S. at 526, 92 S.Ct. at 618. "Upon termination of the state proceedings or expiration of the 60 day deferral period, whichever comes first, the EEOC automatically assumes concurrent jurisdiction of the complaint." *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 64, 100 S.Ct. 2024, 2031, 64 L.Ed.2d 723 (1980).

*Citibank, N.A.,* 711 F.Supp. 157 (S.D.N.Y. 1989). In order to initiate their claim under Title VII, a grievant, or the EEOC acting on her behalf, must first file a complaint with the State Division. Under the Human Rights Law, however, such a filing constitutes an election to proceed administratively, and precludes the claimant from filing suit in state court. "Since a Federal court will not exercise pendent jurisdiction unless the pendent claim is cognizable in state court, compliance with Title VII's deferral prerequisite ... necessarily ... result[s] in the loss of the right to have the Human Rights Law claim heard in Federal ... as well as state court," *Scott,* 147 A.D.2d at 35, 541 N.Y.S.2d 780.

Prior to *Scott,* some cases had attempted to alleviate the harshness of this situation by carving "out an exception to New York's election of remedies rule when the administrative complaint ... [was] forwarded to the state agency by the EEOC ... rather than by the plaintiff himself." *Giuffre,* 129 F.R.D. at 78 (citations omitted). These courts reasoned that when the EEOC automatically files a charge with the state agency, "the grievant has no choice in the matter, and thus cannot be said to have exercised his right of election under Executive Law § 297(9)." *Scott,* 147 A.D.2d at 36, 541 N.Y.S.2d 780.

The First Department in *Scott* rejected this rationale and I agree. It makes little sense to entertain Human Rights Laws claims brought by an unwitting grievant who fortuitously files with the EEOC, while, at the same time, dismissing those brought by a knowing grievant who, "astute to the literal requirements of" Title VII, deliberately files initially with the State Division. *Id.* at 37, 541 N.Y.S.2d 780; *see also Keeley,* 711 F.Supp. at 161 n. 3 (citation omitted).

A claimant may avoid this bar where, as here, the State Division properly dismisses her claim on the grounds of "administrative convenience." Such a dismissal reinstates the plaintiff's right to commence her claim in state court and, accordingly, vests a federal court with the power to entertain it as pendent to a federal cause of action.

N.Y.Exec.Law § 297(9); *Realmuto v. Yellow Freight System, Inc.,* 712 F.Supp. 287, 291 (E.D.N.Y.1989); *Burger v. Health Ins. Plan of Greater New York,* 684 F.Supp. 46, 49 n. 1, 50 n. 4 (S.D.N.Y.1988).

█ Relying on the Court of Appeals recent decision in *Marine Midland Bank, N.A. v. N.Y. State Div. of Human Rights,* 75 N.Y.2d 240, 552 N.Y.S.2d 65, 551 N.E.2d 558 (1989), the defendants argue that the State Division "acted in excess of its authority when it purportedly dismissed plaintiff's original complaint for administrative convenience." In *Marine Midland,* the State Division dismissed an age discrimination claim for "administrative convenience" even though it was time-barred under the Human Rights Law. The Division did so explicitly to permit the parties to take advantage of the longer statute of limitations period available in state court. *Cf.* N.Y. Exec.Law § 297(5); N.Y.Civ.Prac.L. & R. § 214(2).

Finding the Division's dismissal a "purely arbitrary" exercise of its administrative powers, the New York Court of Appeals reversed the Division's dismissal. The Court reasoned that "[t]o permit the Division to dismiss time-barred complaints on the ground of administrative convenience ... would render meaningless the one-year time limitation of Executive Law § 297(5) and the election of remedies requirement of Executive Law § 297(9)." *Id.* at 246, 552 N.Y.S.2d 65, 551 N.E.2d 558. The Court further argued that because the administrative complaint was time-barred, "no administrative convenience could inure to the agency by such a dismissal." *Id.*

The facts of this case are readily distinguishable from those present in *Marine Midland.* The State Division here predicated its dismissal on the grounds that "[p]rocessing ... [plaintiff's] complaint ... [would] not advance the State's Human Rights goals." *See* Affirmation in Opposition to Defendant's Motion to Dismiss, Exhibit A. Thus, unlike the situation in *Marine Midland,* the State Division's decision did not suggest, nor is there any reason to suspect, that its dismissal was other than for "administrative convenience."

Even were I to hold otherwise, the defendants have had a full and fair opportunity to contest the Division's dismissal and are thus collaterally estopped from relitigating that issue now. *Giuntoli v. Garvin Guybutler Corp.*, 726 F.Supp. 494, 504 (S.D.N.Y.1989); J. Moore, 1B *Moore's on Federal Practice* ¶ 0.416[5], at 536 (1988). Accordingly, I need not reach defendants' remaining jurisdictional argument.

### 2. *Exercise of Pendent Jurisdiction*

■ Although plaintiff is not barred from seeking relief in federal court on her state law claim, I nonetheless decline to exercise pendent jurisdiction over it and, therefore, affirm my earlier ruling on this issue. "Pendent jurisdiction is a matter of the court's [sound] discretion, rather than the plaintiff's right," *Margarella v. Manoir International, Inc.*, No. 86 C 9348 (N.D.Ill.1987) (Avail. on Westlaw 1987 W.L. 9009), the exercise of which is guided by considerations of judicial economy, convenience and fairness to the litigants, *United Mineworkers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Specifically, a trial court should dismiss state law claims where: (1) "state issues substantially predominate" over federal issues; (2) state claims raise novel or unsettled issues of state law so that the state court would provide a "surer footed reading" of the applicable law; and (3) there is a possibility of "jury confusion in treating divergent legal theories of relief" in a single proceeding. *Id.* at 726–727, 86 S.Ct. at 1139–40.

Application of these principles to the instant case counsels against entertainment of plaintiff's Human Rights Law claim. First, the remedies and therefore the type of proof differ substantially with respect to plaintiff's state and federal claims such that her pendent claim might well become the predominant element of the lawsuit. *Bouchet v. Nat'l Urban League, Inc.*, 730 F.2d 799, 805 (D.C.Cir.1984); *Billings v. Stone & Webster Engineering Corp.*, 678 F.Supp. 984, 987 (D.Conn.1988). Unlike the relatively limited scope of recovery available under Title VII and the Equal Pay Act, *Hybki v. Alexander and Alexander,*

*Inc.*, 536 F.Supp. 483, 484–85 (W.D.Mo. 1982), plaintiff's Human Rights Law claim entitles her to full compensatory and punitive relief, including damages for suffering and anguish. N.Y.Exec.Law § 297(4)(c)(iii); *Batavia Lodge No. 196, Loyal Order of Moose v. New York State Div. of Human Rights*, 35 N.Y.2d 143, 145–46, 359 N.Y. S.2d 25, 316 N.E.2d 318 (1974); *Bd. of Educ. v. McCall*, 108 A.D.2d 855, 855, 485 N.Y.S.2d 357 (2d Dep't 1985) (mem.). Thus, plaintiff's proof on her state law cause of action, most of which will presumably focus on her emotional well-being at the time of the alleged discriminatory conduct, will be irrelevant to her federal claims and might prejudice the jury in her favor. *See Burger*, 684 F.Supp. 46, 50 n. 4 (S.D.N.Y.1988); *Curtin v. Hadco Corp.*, 676 F.Supp. 408, 411 (D.N.H.1987); *Alveari v. American Intern. Group, Inc.*, 590 F.Supp. 228, 232 (S.D.N.Y.1984); *Gerlach v. Michigan Bell Telephone Co.*, 448 F.Supp. 1168, 1173 (E.D.Mich.1978) (assumption of pendent jurisdiction over plaintiff's state law claims, which would involve proof as to their mental states before and after defendants' allegedly discriminatory acts, would inject substantial new issues into the proceedings). Furthermore, submitting federal and state law claims to a jury which involve differing theories of relief could likely lead to confusion on the issue of damages. *Burger*, 684 F.Supp. at 50; *Barbetta v. Chemlawn Services Corp.*, 669 F.Supp. 569, 571 (W.D.N.Y.1987) (Telesca, J.); *but see Rio v. Presbyterian Hosp. in City of New York*, 561 F.Supp. 325, 328 (S.D.N.Y.1983) (court will exercise pendent jurisdiction where theories of plaintiff's state and federal claims are identical and only differences go to differing scope of remedy). In sum, entertaining plaintiff's Human Rights Law claim here would complicate an otherwise straightforward trial under Title VII and the Equal Pay Act. Given the probability of jury confusion and the potential predominance at trial of plaintiff's state law issues, I decline to exercise jurisdiction over her Human Rights Law claim and accordingly af-

firm my earlier order of dismissal.[4]

Aside from the traditional *Gibbs* calculus, I am also inclined to dismiss plaintiff's Human Rights Law claim on the grounds set forth in *Johnson v. Al Tech Specialties Corp.*, 731 F.2d 143 (2d Cir.1984). In that case, the Second Circuit held that an ADEA plaintiff cannot recover compensatory damages in federal court given their unavailability under the ADEA prelitigation, administrative, conciliation process. The Second Circuit stated:

> If an individual alleging discrimination knew he could recover compensatory damages if he refused to settle during the administrative process, and commenced a civil suit, he would have little incentive to resolve the dispute during the conciliation process. *Johnson*, 731 F.2d at 147.

At least one district court has extended this rationale to preclude ADEA plaintiffs from bringing claims under the New York Human Rights Law. *See Realmuto v. Yellow Freight System, Inc.*, 712 F.Supp. 287, 291 (E.D.N.Y.1989). The court in that case reasoned that "there would be little incentive for a plaintiff [under such circumstances] to settle during the EEOC conciliation process." *Id.* (also holding that ADEA and Human Rights Law claim would lead to jury confusion on the damages issue). I find such reasoning similarly applicable here. In light of all of the above, I hereby dismiss plaintiff's Human Rights Law claim.

ALL OF THE ABOVE IS SO ORDERED.

---

**4.** I recognize, however, that such a result may effectively preclude plaintiff from having her state law claim judicially resolved. *See Long v.* *AT & T Information Systems, Inc.*, 733 F.Supp. 188, 198 (S.D.N.Y.1990).