**PRINCESS FABRICS, INC.,**
**Plaintiff–Appellant–Cross–Appellee,**

v.

**CHF, INC.; Aberdeen Manufacturing, Inc.; and Bradlees, A Division of Stop and Shop, Inc., Defendants–Appellees–Cross–Appellants.**

**CHF, INC.; Aberdeen Manufacturing, Inc.; and Bradlees, A Division of Stop and Shop, Inc., Third–Party Plaintiffs,**

v.

**RASCHEL INTERKNITTING, INC.,**
**Third–Party Defendant.**

**Nos. 266, 401, Dockets 90–7402, 90–7438.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 19, 1990.
Decided Dec. 20, 1990.

**100**

Jed R. Schlacter (Schwartz & Schlacter, New York City), for appellant.

Michael Delikat (Baer Marks & Upham, New York City, Francis W. Connoly, of counsel), for appellees.

Before OAKES, Chief Judge, MESKILL, Circuit Judge, and RESTANI, Judge *.

RESTANI, Judge:

Plaintiff-appellant (hereinafter "Princess") appeals from a judgment entered by The Honorable Michael B. Mukasey, United States District Court for the Southern District of New York, dismissing Princess's complaint for copyright infringement and unfair competition. Defendant-appellees (hereinafter "CHF") cross-appeal Judge Mukasey's denial of Federal Rule of Civil Procedure 11 sanctions.

## BACKGROUND

Princess is a textile fabric converter. CHF and its related companies are engaged in the manufacture and sale of home furnishings products. In 1985, Princess designed a fabric lace pattern, which it called Style M/179 and began selling it. Princess registered its Style M/179 and received Certificate of Copyright Registration No. VA 323–409, effective November 21, 1988.

In 1987, Harold Kfare, a sales representative of third-party defendant (hereinafter "Raschel"), a manufacturer of textiles and a supplier to CHF, purchased a piece of Princess's fabric Style M/179 from a retail store located in Flemington, New Jersey. Kfare testified that the fabric bore no notice of copyright. Kfare took the fabric sample to CHF who, in designing its own lace curtain, made slight modifications to the pattern found in the fabric sample.

* Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

On January 27, 1989, Princess instituted this action. The complaint states in part:

9. On or about August 1, 1985, plaintiff first published said reproduction [of its original fabric design] with a Notice of Copyright affixed thereto.

10. Since the publication date, all of the provisions of Title 17 of the United States Code, and all of the laws governing Copyright, have been duly complied with; and a Certificate of Registration has been duly received from the Register of Copyrights, covering the reproduction of a work of art known as Style M/179, identified as follows: Registration No. VA 323-409.

11. Since the publication date, all copies of said reproduction published or offered for sale by or under the authority of plaintiff have been so published or offered for sale with Notice of Copyright thereon in strict conformity with the provisions of Title 17 of the United States Code.

CHF answered the complaint and filed a third-party complaint against Raschel, the corporation that introduced them to Princess's design. CHF's answer, dated February 22, 1989, contained affirmative defenses including, *inter alia,* the contention that Princess's copyright was invalid and unenforceable and that Princess had failed to give notice of copyright or that such notice, if given, was defective.

On the same day as the filing of the answer to the complaint Kfare went to two fabric stores in New Jersey. At the first, Flemington Fabric Decorating Center, where he had purchased the original sample of goods, Kfare now purchased the entire bolt of Princess's Style M/179. This bolt did not have notice of copyright on its center board. He testified that he saw at least three or four other bolts of Style M/179 without notice of copyright. Kfare then went to a second store, Heirloom Lace, where he claims to have seen a knitted fabric identical to the one that he had just purchased, also without notice of copyright.

Princess learned of Kfare's allegations from his deposition on February 24, 1989.

Princess's president, Steven Prince, thereupon went to the same two stores as had Kfare and saw bolts of Style M/179 without notice of copyright. Prince left the stores without making any effort to correct the omissions.

A bench trial was conducted on February 28, 1989. After both sides rested, the court rendered an oral opinion from the bench dismissing Princess's copyright claim on the grounds that more than a "relatively small number" of copies of Princess's work had been sold without proper copyright notice. The court, however, allowed Princess to amend its pleadings to include a state common law complaint of unfair competition.

CHF made application for sanctions under Rule 11 of the Federal Rules of Civil Procedure based upon Princess's failure to make a reasonable inquiry into the allegation contained in its complaint that all copies of its design had been sold with notice of copyright thereon. The district court denied the application from the bench.

Thereafter, by opinion and Order dated April 24, 1989, Judge Mukasey adhered to his prior decision dismissing the copyright claims, and also dismissed Princess's unfair competition claims.

An Amended Judgment was entered on March 26, 1990, and this appeal ensued.

## DISCUSSION

Four issues present themselves on this appeal: 1) whether the district court erred in holding that the evidence that Princess had failed to affix notice of copyright to its Style M/179 sufficed to invalidate the copyright, 2) whether the district court erred in failing to give Princess sufficient time to cure the notice defect if in fact one existed, 3) whether the district court erred in dismissing Princess's state law claim, and 4) whether the district court erred in denying Rule 11 sanctions. For the reasons stated below, we affirm the district court in all respects.

## I. *Sufficiency of Proof.*

■ A certificate of registration of copyright constitutes prima facie evidence of the validity of the copyright. 17 U.S.C. § 410(c) (1988). This presumptive validity may be overcome by proof that more than a relatively small number of copies were distributed without notice.

As provided in 17 U.S.C. § 405(a) (1988): [1]

(a) EFFECT OF OMISSION ON COPYRIGHT.—With respect to copies and phonorecords publicly distributed by authority of the copyright owner before the effective date of the Berne Convention Implementation Act of 1988, the omission of the copyright notice described in sections 401 through 403 from copies or phonorecords publicly distributed by authority of the copyright owner does not invalidate the copyright in a work if—

(1) the notice has been omitted from no more than a relatively small number of copies or phonorecords distributed to the public; . . .

The statute does not define "a relatively small number . . .". CHF cites to certain language from our precedents which might give the impression that it may overcome the rebuttable presumption in Princess's favor merely by producing evidence which "casts doubt on the question." *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir.1980). Nevertheless, "[i]t is well settled that [section 410(c) ] . . . puts the burden of proof as to invalidity on the defendant in an infringement action." *Gaste v. Kaiserman*, 863 F.2d 1061, 1064 (2d Cir.1988). The question before this court is whether CHF provided sufficient proof for the district court to find the copyright invalid. We find that CHF met this burden.

Princess argues that the evidence introduced by CHF was insufficient. CHF introduced only one bolt of cloth of approxi-

mately twenty yards, lacking copyright notice, to prove that more than a relatively small number of copies of the over 200,000 yards of fabric sold lacked copyright notice.

Both Kfare and Princess's own president, however, testified that other bolts of Princess's fabric without copyright notice were found in two stores. As noted by the district court, the only bolts of the subject fabric as to which there was any direct and specific testimony were bolts that did not bear the copyright notice. Moreover, there was no testimony showing that the pattern in question had ever been distributed with the copyright notice affixed. The most that Princess's president, and its only witness on the subject, could say was that it was Princess's general practice to affix notice of copyright on bolts of their fabric designs.

Although the evidence introduced was not overwhelming, it was the only evidence put forth and it was sufficient to support the district court's factual determination. From the evidence at trial, the district court could properly conclude that all copies had gone out without notice. *Compare Cooling Systems & Flexibles, Inc. v. Stuart Radiator, Inc.*, 777 F.2d 485, 489–90 (9th Cir.1985) (defendant sustained burden by producing, unrebutted, one unnoticed copy of a catalogue out of 20,000 printed). Therefore, the district court did not err in holding that more than a relatively small number of copies had been shipped without notice.

## II. *Cure Provision.*

Based on the district court's finding that more than a relatively small number of copies had been distributed, the copyright would be invalid or "forfeited" under 17 U.S.C. § 405(a), unless adequate cure were made.

> [t]his Act and the amendments made by this Act . . . take effect on the date on which the Berne Convention . . . enters into force with respect to the United States [Mar. 1, 1989].
> 17 U.S.C. § 101 note (1988) (Effective Date of 1988 Amendment).

---

1. The above-quoted statute references a recent change in the copyright law, the Berne Convention Implementation Act of 1988, Pub.L. No. 100–568, § 7, 102 Stat. 2853, 2858–59 (1988). The change has the effect of relaxing the requirement of notice. The statutory change is inapplicable to the case at bar because

17 U.S.C. § 405(a) provides in relevant part:

(a) EFFECT OF OMISSION ON COPYRIGHT.—With respect to copies and phone records publicly distributed by authority of the copyright owner ..., the omission of the copyright notice prescribed by sections 401 through 403 from copies or phonorecords publicly distributed by authority of the copyright owner does not invalidate the copyright in a work if—

\* \* \* \* \* \*

(2) registration for the work has been made before or is made within five years after the publication without notice, and a reasonable effort is made to add notice to all copies or phonorecords that are distributed to the public in the United States after the omission has been discovered; ...

Princess claims that it first learned of the omission of notice at Kfare's deposition February 24, 1989, but Princess may have been put on notice of a defect by CHF's answer two days earlier. Princess claims that the district court erred in not giving it sufficient time to make a reasonable effort to cure the notice defect. As the district court found, however,

the evidence at trial showed that plaintiff took no steps whatever to determine whether notice had been affixed to any fabric in the Cafe au Lace line, that it learned at the latest on February 24, 1989 that the fabric at issue in this case had been distributed without a copyright notice, and that it then took no steps whatever to correct the situation. Indeed, it was the testimony of plaintiff's president that when he visited a store and found a bolt of the subject fabric without the notice, he left immediately and made no further inquiry as to whether there might be other bolts without notice; nor did he seek to take corrective measures before trial or describe at trial any corrective measures he had set in motion.

█ It has been widely held that the party seeking to cure the defect is required to make a reasonable effort to affix notice to copies in the possession of retail dealers as such copies are yet to be distributed to the public. *See* 2 *Nimmer on Copyright* § 7.13[B], at 7–122; *House of Hatten, Inc. v. Baby Togs, Inc.*, 668 F.Supp. 251, 257 (S.D.N.Y.1987). What constitutes a reasonable effort is a question of fact. *See Shapiro & Son Bedspread Corp. v. Royal Mills Assocs.*, 764 F.2d 69, 73 (2d Cir.1985) (remanding for further factfinding as to whether plaintiff's efforts to relabel its inventory were reasonable under the circumstances).

█ In this case Princess learned some days before trial that the allegations in the complaint might be in error and that the copyright might be defective. Shortly thereafter its own investigation confirmed that a notice problem existed. Princess was well aware that trial would begin shortly. Thus, efforts to cure should have commenced immediately. The district court did not hold that cure must have been complete, but rather, that at least some step towards cure should have been made. Although Princess had at most six days prior to trial in which to act, we cannot find that the district court erred in finding that there was a sufficient time in which to take at least the first step towards cure, particularly against the background of no prior investigation into the specifics of the matter. Forfeiture of the copyright, while it may seem harsh, is not an unreasonable penalty for a plaintiff to endure if it boldly alleges that it has affixed notice to all copies and then fails to make any effort at cure when it discovers that its allegations are in error. As the district court also stated, "[i]f it were open to a plaintiff simply to propose corrective measures after a finding that copyright has been lost, § 405(a)(1) would be rendered nugatory." We agree.

Princess also argues that the district court's finding that Princess took no steps to cure was beyond the scope of the evidence. We do not agree. Princess bore the burden of proving reasonable effort to cure and cannot now complain about its own failure to introduce evidence at trial

describing what corrective measures it may have taken.

### III. *Sanctions.*

■ Sanctions are proper under the following circumstances: (1) a reasonable inquiry into the basis for a pleading has not been made; (2) under existing precedents there is no chance of success; and (3) no reasonable argument has been advanced to extend, modify or reverse the law as it stands.

*International Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 563, 107 L.Ed.2d 558 (1989).

■ CHF claims that Princess did not make a reasonable inquiry into its assertion that notice requirements had been followed, and that therefore the district court erred in refusing to impose sanctions. Testimony at trial established that instructions to affix notice were given by a company official with authority to require such action. Therefore, Princess's assertion that notice was affixed had some basis, even though no bolts with notice were actually admitted into evidence. Whether this was a reasonable basis for the allegation of the complaint was a decision for the trial court to make on the basis of all relevant circumstances. The district court's decision not to impose sanctions in this instance was not erroneous.

### IV. *The State Law Claim.*

■ Princess claims that the district court erred in denying it relief according to the New York State common law against unfair competition. Princess claims that it is due such relief because CHF used a photograph of Princess's Style M/179 on bolts of CHF's slightly different product. CHF contends that such claims have been preempted by federal copyright law. To the extent that Princess bases its complaint on misappropriation, we agree, but states still may prohibit the "palming off" of copies by one producer as those of another because "while the federal patent laws prevent a State from prohibiting the copying and selling of unpatented articles, they do not stand in the way of state law, statutory or decisional, which requires those who make and sell copies to take precautions to identify their products as their own." *Compco Corp. v. Day–Bright Lighting, Inc.*, 376 U.S. 234, 238, 84 S.Ct. 779, 782, 11 L.Ed.2d 669, 672 (1964).

■ The district court found no evidence of unfair competition or "passing off." There was no evidence to indicate that CHF's product was identified with Princess's by any third party or that anyone was misled about the origin of M/179. *See, e.g., Business Trends Analysts, Inc. v. Freedonia Group, Inc.*, 700 F.Supp. 1213, 1234–35 (S.D.N.Y.1988) (likelihood of confusion necessary to succeed on claim of misappropriation or palming off under New York law), *aff'd in part and rev'd in part on other grounds*, 887 F.2d 399 (2d Cir. 1989).

## CONCLUSIONS

We hold that the district court did not err in finding that Princess had forfeited copyright protection through lack of notice. Nor did the court below err in holding that Princess had failed to protect itself by taking steps to cure pursuant to 17 U.S.C. § 405(a)(2). Princess presented no evidence in support of its state law claim. Finally, the district court did not abuse its discretion in refusing to impose Rule 11 sanctions against Princess.

OAKES, Chief Judge (concurring in part and dissenting in part):

I would vacate the district court's dismissal of appellant's copyright claim, and grant appellant a reasonable time in which to cure the omission of notice.

Under 17 U.S.C. § 405(a)(2), omission of copyright notice will not invalidate a copyright that was, as here, timely registered if "*a reasonable effort* is made to add notice to all copies ... that are distributed to the public in the United States after the omission has been discovered" (emphasis added). " '[R]easonable effort' has yet to be well defined." W. Patry, *Latman's The Copyright Law* 173 (6th ed. 1986). In this

Circuit, whether an effort was "reasonable" is a question of fact, to be resolved by reference to the circumstances of the individual case viewed as a whole. *See Shapiro & Son Bedspread Corp. v. Royal Mills Assocs.*, 764 F.2d 69, 73, 75 (2d Cir. 1985).

Here, Princess was put on notice no earlier than Wednesday, February 22, 1989 (by defendants' answer, which alleged failure to give notice of copyright), and no later than Friday, February 24, 1989 (by the deposition testimony of Harold Kfare). The trial was held on Tuesday, February 28, 1989, pursuant to an order granting defendants' application to consolidate the preliminary injunction hearing with the trial on the merits. Thus, because its adversary prompted an expedition of proceedings, Princess was afforded as little as four and no more than six days—two of which fell on a weekend—in which to decide upon a course of legal action. The majority holds that this was sufficient time on which to condition a forfeiture of copyright. I respectfully disagree.

The district court made much of the fact that Princess's president, upon visiting the stores named in Kfare's deposition testimony, merely observed the unnoticed M/179 and then left without making inquiries or taking corrective measures. Similarly, the majority maintains that "efforts to cure should have commenced immediately." *Supra.* But to my mind, the "reasonable efforts" requirement could not possibly mean that a copyright owner must act precipitously, without time to reflect or consult counsel, or forever forfeit his copyright. Indeed, section 405(a)(2) was designed precisely to " 'avoid ... arbitrarily [sic] and unnecessary forfeiture,' " *P. Kaufman, Inc. v. Rex Curtain Corp.*, 203 U.S.P.Q. (BNA) 859, 860 (S.D.N.Y.1978) (quoting legislative history). I also agree with the view expressed in 2 *Nimmer on Copyright* § 7.01, at 7–9 (1990):

> Now that the Berne era has dawned, it is to be hoped that courts will construe the myriad formalities of U.S. copyright law leniently. An approach whereby copyrights are preserved and rights to enforce remain, notwithstanding an ante-

cedent failure to comply with the "punctilio of an honor the most sensitive" to copyright formalities, would help harmonize U.S. copyright laws with those of the rest of the Berne Union. Therefore, particularly in resolving issues of first impression as to the formalities required under the 1976 and 1909 Acts, the courts should refrain from overtechnical constructions.

(Footnotes omitted).

Accordingly, even though no effort to cure the omission of notice has been shown, I believe that Princess was afforded an inadequate opportunity to commence a cure before trial. I would therefore vacate the order dismissing Princess's copyright claim. Furthermore, because Princess cannot be expected to have attempted to cure after the judgment below extinguished its copyright, I would grant Princess a reasonable time before commencement of further proceedings in which to comply with section 405(a)(2). The further proceedings would determine the scope of defendants' liability, if any, under 17 U.S.C. § 405(b), which governs the effect of omission of notice on innocent infringers.