**Robert NAGLE, Plaintiff,**

v.

**JOHN HANCOCK MUTUAL LIFE INSURANCE CO., Joseph P. LoRusso, and Donald E. Morrison, Defendants.**

**No. 90 CIV. 5134 (KMW).**

United States District Court, S.D. New York.

July 15, 1991.

William R. Amlong, Amlong & Amlong, P.A., Fort Lauderdale, Fla., Arthur Baily, Baily & Baily, New York City, for plaintiff.

John D. Canoni, Townley & Updike, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

KIMBA M. WOOD, District Judge.

Plaintiff Robert Nagle ("Nagle") filed this action on August 6, 1990, alleging that his employment with defendant John Hancock Mutual Life Insurance Company was terminated in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA" or "the Act") ("Count 1") and the age discrimination provisions of the New York State Human Rights Law, N.Y. Exec. Law § 296 ("Human Rights claim" or "Count 2"). Defendants move: (1) to dismiss the pendent state law Human Rights claim, Count 2, for lack of subject matter jurisdiction, pursuant to Fed.R. Civ.P. 12(b)(1); or (2) for judgment on the pleadings on Count 2, pursuant to Fed.R. Civ.P. 12(c); and (3) for sanctions pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. For the reasons set forth below, the court grants defendants' motion to dismiss Count 2, but denies defendants' motion for sanctions.[1]

## DISCUSSION

■ Defendants move to dismiss the complaint pursuant to Rule 12(b)(1), lack of subject matter jurisdiction or for judgment on the pleadings, pursuant to Rule 12(c). Because defendants move to dismiss in lieu of an answer, the court must rely solely upon the pleadings, must presume all factual allegations of the complaint to be true, and must draw all factual inferences in favor of the non-moving plaintiff. *See* 2A Moore, *Moore's Federal Practice,* ¶ 12.07 at 12–63 (1989); 5 Wright and Miller, *Federal Practice and Procedure,* § 1357 at 594–597 (1969).

### *Defendants' Motion to Dismiss*

■ Under federal law, a person wishing to commence an age discrimination action in court must first file a complaint with the Equal Employment Opportunity Commission ("EEOC"). 29 U.S.C. § 626(d) (1985). In a state such as New York that has a law prohibiting age discrimination in employment and that has authorized a state agency to grant relief from such discriminatory practice, the EEOC may first refer the complaint to the state agency. 29 C.F.R. § 1626.9 (1990); 29 U.S.C. § 633(b) (1985).

■ New York requires parties claiming age discrimination to make a binding choice. They may pursue their state claim *either* directly through the courts *or* through the administrative agency. According to the Human Rights Law's election of remedies provision, N.Y.Exec. Law § 297(9) (McKinney's 1982) (the "election of remedies provision"), however, if the administrative route is chosen it provides the sole avenue of relief. The election of remedies provision states, in pertinent part:

> [a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, *unless such person had filed a complaint hereunder [with the State Division of Human Rights] or with any local commission on human rights,* ...

---

**1.** The court assumes familiarity with the factual allegations in the case.

provided that, where the division has dismissed such complaint on the grounds of administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed.

(emphasis added). Therefore, a party filing with the State Division of Human Rights ("SDHR"), is precluded from pursuing his or her state discrimination claim in court unless that claim is dismissed on the ground of "administrative convenience."

■ In this case, presuming the allegations in the complaint to be true, plaintiff filed his complaint with both the EEOC *and* the SDHR. Complaint ¶ 7 ("ROBERT NAGLE timely filed on September 2, 1989 a Charge of Discrimination with the New York Department of Human Relations [*sic*] and with the Equal Employment Opportunity Commission"). The SDHR never dismissed plaintiff's complaint on the ground of "administrative convenience." Therefore, his pendent state law claim is barred by the election of remedies provision.[2]

*Sanctions*

■ Defendants move for sanctions pursuant to both Rule 11 and 28 U.S.C. § 1927 ("§ 1927"). Rule 11 requires that requires every pleading be signed by a party or his or her attorney. That signature

constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after a reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Further,

If a pleading, motion, or other paper is signed in violation of this rule, the court,

upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including reasonable attorney's fee.

In determining whether Rule 11 sanctions should be imposed against an attorney, the court applies a "test of objective reasonableness" rather than a test of subjective bad faith. *See Cross & Cross Properties, Ltd. v. Everett Allied Co.,* 886 F.2d 497, 504 (2d Cir.1989); *Greenberg v. Hilton International Co.,* 870 F.2d 926, 934 (2d Cir.), *remanded, on reh'g,* 875 F.2d 39 (2d Cir. 1989). Similarly, if a represented party signs a pleading, motion, or other paper, whether the party's signature is required or is provided voluntarily, the court applies a test of objective reasonableness under the circumstances and may award sanctions against the party if the party did not conduct a reasonable inquiry. *Business Guides v. Chromatic Communications,* — U.S. ——, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991).

In applying a test of objective reasonableness with respect to an attorney's actions, the Second Circuit has held that sanctions are warranted where:

it is clear that: (1) a reasonable inquiry into the basis for a pleading has not been made; (2) under existing precedents there is no chance of success; and (3) no reasonable argument has been advanced to extend, modify or reverse the law as it stands.

*Princess Fabrics, Inc. v. CHF, Inc.,* 922 F.2d 99, 104 (2d Cir.1990) (citation omitted); *Mareno v. Rowe,* 910 F.2d 1043, 1047 (2d Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991).

---

**2.** Because plaintiff filed his initial complaint with both the EEOC and the SDHR, the court does not reach the question of whether a party filing first with EEOC alone, followed by a referral by the EEOC to the SDHR, is precluded by the election of remedies provision from bringing a Human Rights claim in federal court, an issue as to which there is a split of authority in this district. *See infra* at 71 n. 3.

Thus, "sanctions shall be imposed when it appears that a competent attorney could not form the requisite reasonable belief as to the validity of what is asserted in the papers...." *Oliveri v. Thompson,* 803 F.2d 1265, 1275 (2d Cir.1986), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987) (citations omitted). *See also O'Malley v. New York City Transit Authority,* 896 F.2d 704, 706 (2d Cir.1990).

■ Finally, in determining the appropriateness of imposing Rule 11 sanctions, the Second Circuit in *Cross* held that the objective merits of each individual claim must be examined and that sanctions may not be avoided because the pleading *as a whole* has merit. *Cross, supra,* 886 F.2d at 504–505.

Section 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

However, "an award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power." *Oliveri,* 803 F.2d at 1273 (citation omitted).

■ Defendants argue that plaintiff's counsel, Mr. William R. Amlong, did not conduct a reasonable inquiry into the law regarding New York's election of remedies provision in bringing and maintaining plaintiff's Human Rights claim. Defense counsel also contends that maintaining this claim in the fact of adverse precedent was done in bad faith. To support this allegation, defendants point to Mr. Amlong's letter to defense counsel, dated January 24, 1991, in which he states, "[a]lthough I previously objected to your request for Mr. Nagle's medical records, that request and objection appears to merge [*sic*] on being moot *in light of the likely dismissal of the state law count involving emotional distress*" (emphasis added).

First, the court declines to find bad faith here. Although plaintiff's counsel expressed doubt on January 14, 1991 about the viability of Count 2, after further research or reflection plaintiff's counsel may have changed his mind between the time of the letter and the date he filed his opposition to defendants' motion to dismiss, February 28, 1991. Therefore, this evidence alone is not sufficient to warrant an inference of bad faith under § 1927.

Second, although the court grants defendants' motion to dismiss plaintiff's Human Rights claim, the law in this Circuit is quite uncertain in areas closely related enough to the question at hand to confuse counsel; the district courts are split over whether to exercise pendent jurisdiction over a Human Rights claim due to: (1) the election of remedies provision when a party files his or her claim first with the EEOC, which subsequently refers the claim to the SDHR,[3]

---

**3.** Under New York law, a referral by the EEOC to the SDHR is considered an "election" of an administrative remedy, precluding access to state court even though the federal age discrimination statute requires the complaint to be filed initially with the EEOC. *See Scott v. Carter-Wallace,* 147 A.D.2d 33, 541 N.Y.S.2d 780 (1st Dept.), *app. dism.,* 75 N.Y.2d 764, 551 N.Y.S.2d 903, 551 N.E.2d 104 (1989). Courts in this Circuit are divided as to whether an initial filing with the EEOC followed by a referral by the EEOC to the SDHR precludes a federal court from exercising pendent jurisdiction over the Human Rights claim. *Compare Dapelo v. Banco Nacional De Mexico,* 767 F.Supp. 49 (S.D.N.Y.1991) (Martin, J.) (following *Scott* and recommending that plaintiff appeal its claim to the New York Court of Appeals); *Lippa v. General Motors Corp.,* 760 F.Supp. 1062 (W.D.N.Y.1990)

(Telesca, J.) (adopting *Scott* and holding that a party who files a claim with the EEOC is barred by the election of remedies provision from bringing suit in federal court); *Song v. Ives Laboratories, Inc.,* 735 F.Supp. 550, 553 & n. 4 (S.D.N.Y.1990) (Wood, J.) (in *dictum* the court notes that it would be bound to follow *Scott* ); *Giuffre v. Metropolitan Life Ins. Co.,* 129 F.R.D. 71, 79 (S.D.N.Y.1989) (Buchwald, M.J.) ("because under *Scott* a claimant in plaintiff's situation has no state claim, this Court cannot exercise pendent jurisdiction") *with Sangeniti v. Mutual of America,* 1990 WL 204190 (S.D.N.Y. December 10, 1990) (Mukasey, J.) (declining to follow *Scott* ); *Long v. AT & T Information Systems Inc.,* 733 F.Supp. 188, 198 (S.D.N.Y. 1990) (Conner, J.) ("contrary to defendant's assertion, although a state court would be required to dismiss plaintiff's state-law claims,

and (2) the potential for jury confusion.[4] Given the pervasive uncertainty of the law in the area of federal jurisdiction over this type of state law claim, it was not unreasonable for plaintiff's counsel to persist, albeit mistakenly, in his claim. Therefore, the court declines to award Rule 11 sanctions.

## CONCLUSION

For the reasons stated above, the court grants defendants' motion to dismiss and denies defendants' motion for sanctions. The parties should adhere to the schedule ordered by the court on June 20, 1991 and be ready for trial on or after August 12, 1991.

SO ORDERED.

*Scott* does not prohibit the exercise of pendent jurisdiction by a federal court"); *Tasaka v. DDB Needham Worldwide, Inc.*, 729 F.Supp. 1014 (S.D.N.Y.1990) (Owen, J.) (rejecting *Scott's* rationale in federal court and holding that a party who files a claim with the EEOC which thereafter refers claim to SDHR not precluded by election of remedies provision from bringing pendent Human Rights claim in federal court); *Williams v. J.C. Penney Co.*, 1990 WL 170481 (S.D.N.Y.1990) (Edelstein, J.) (same); *Olsen v. Citibank, N.A.*, 1990 WL 41709 (S.D.N.Y.1990) (Lowe, J.) (same); *Giuntoli v. Garvin Guybutler Corp.*, 726 F.Supp. 494 (S.D.N.Y.1989) (Ward, J.) (same).

4. Courts in this Circuit are also divided over whether they should decline to exercise pendent jurisdiction over the Human Rights claim because of the possibility of "jury confusion." *Compare Dapelo v. Banco Nacional De Mexico*, 767 F.Supp. 49 (S.D.N.Y.1991) (Martin, J.) (dismissing pendent Human Rights claim due to likelihood of jury confusion and prejudice to defendants); *Lippa*, 760 F.Supp. at 1067 (W.D.N.Y.1991) (Telesca, J.) (because state discrimination law, but not federal discrimination law, allows recovery for pain and anguish, "plaintiff's proof on her state law cause of action ... which will presumably focus on her emotional well-being at the time of the alleged discriminatory conduct, will be irrelevant to her federal law claims and might prejudice the jury in her favor"); *Burger v. Health Insurance Plan of Greater New York*, 684 F.Supp. 46, 50 n. 4 (S.D. N.Y.1988) (Conboy, J.) (court refused to exercise pendent jurisdiction over Human Rights claim fearing potential jury confusion on damages because mental anguish damages allowable under state law but not under the ADEA) *with Patel v. Lutheran Medical Center, Inc.*, 753 F.Supp. 1070, 1076 (E.D.N.Y.1990) (Glasser, J.) (exercising pendent jurisdiction over Human Rights claim because "I am unpersuaded that the court could not manage at trial the issue of different damages allowable under the ADEA and HRL.... [or that] the adjudication of such issues in the same proceeding would subvert the federal policy embodied in the ADEA.... [or that] many claimants would forego an administrative solution providing back pay and reinstatement ... to bring expensive, time-consuming, uncertain litigation in federal district court"); *Martel v. Dean Witter Reynolds, Inc.*, 738 F.Supp. 53, 57 (E.D.N.Y.1990) (Raggi, J.) (refusing to dismiss Human Rights claim on the ground of jury confusion where "federal [ADEA] and state claims here at issue involve 'parallel issues,' both of fact and law.... the same policies are advanced by the two claims. Under such circumstances, efficiency, economy and even fairness are best served by a single adjudication of the dispute") (citation omitted); *Tasaka v. DDB Needham*, 729 F.Supp. at 1017 (Owen, J.) ("because plaintiff's state law claim ... [is] based on the identical incidents of alleged discrimination as are at issue in the federal claim, separate proceedings would result in duplication and waste").