■ MARIO P. MAGINI, Respondent, v OTNORP, LTD., Doing Business as PRONTO RISTORANTE, et al., Appellants.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered January 25, 1991, to the extent that it denied defendants' motion for summary judgment on their affirmative defense of election of remedies, and granted plaintiff's cross-motion to dismiss that affirmative defense, unanimously reversed, on the law, the affirmative defense is reinstated, and summary judgment is granted to defendants, dismissing the complaint, without costs. The clerk is directed to enter judgment in favor of defendants dismissing plaintiff's complaint.

Plaintiff was employed as a waiter for 10 years at defendants' Pronto Ristorante in Manhattan. In early 1987 the restaurant was closed for a month for renovation, and when it reopened in March, the 65-year old plaintiff was not rehired. He then brought a complaint *pro se* to the New York City Commission on Human Rights, charging his employers with unlawful age discrimination. After investigation, the Commission reached the conclusion, in October 1988, that the decision not to rehire had been based on work performance, not discriminatory age bias.

Six weeks later, now represented by counsel, plaintiff commenced the instant action against his employers, charging employment discrimination based on age. Defendants moved for summary judgment on the affirmative defense that plaintiff was precluded from bringing this lawsuit by reason of his election of an administrative remedy. Plaintiff cross-moved for dismissal of that affirmative defense. Defendants appeal from the IAS rulings on these points in plaintiff's favor.

Executive Law § 297 (9) provides a civil cause of action for discriminatory practice, unless an administrative complaint has already been filed and has not been dismissed for "admin-

istrative convenience". These remedies are intended to be mutually exclusive. Once a complainant elects the administrative forum by filing a complaint with the Commission on Human Rights, that becomes the sole avenue of relief, and subsequent judicial action on the same complaint is generally barred, except in the one instance where dismissal is for " 'administrative convenience' " *(Marine Midland Bank v New York State Div. of Human Rights,* 75 NY2d 240, 245; *Nagle v Hancock Mut. Life Ins. Co.,* 767 F Supp 67).

Plaintiff makes the common law argument that he is unschooled, was without benefit of counsel, and his knowledge of English is "rudimentary", despite a decade of waiting on tables in a mid-Manhattan restaurant. But there is no indication that the Legislature intended to import any "knowledgeable" prerequisite for the election of remedies delineated in section 297 (9) to become valid. The statute does not provide that a grievant have advice of counsel, or a full appreciation of the finality of an election to proceed in the administrative forum. The policy of the statute is result oriented: since plaintiff has had the benefit of a full hearing and determination on the merits of his claim, with the advantages of less expense and swifter resolution than he could have had in the judicial arena, his attempted recourse to the courts was thereby foreclosed *(Marine Midland Bank v New York State Div. of Human Rights,* 75 NY2d, *supra,* at 244). Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.